David J. BAMBER

v.

## ZONING BOARD OF REVIEW OF the TOWN OF FOSTER et al.

### No. 90–156–M.P.

Supreme Court of Rhode Island.

June 3, 1991.

Joseph J. Roszkowski, Armand A. Teixiera, Zimmerman, Roszkowski & Brenner, Woonsocket, for plaintiff.

Stephen A. Izzi, Fontaine & Kroll, Woonsocket, Bradford Gorham, Gorham & Gorham, Inc., Providence, for defendants.

## OPINION

SHEA, Justice.

This matter comes before the Supreme Court on a petition for a writ of certiorari to review a Superior Court decision remanding the petitioner's appeal to the Foster Zoning Board for further proceedings in accordance with its findings. We affirm.

The clarification of the matter before us is best achieved through a chronological summary of the journey of petitioner, David J. Bamber, to this court. The petitioner applied to the Foster Planning Board (Planning Board) for approval to subdivide his undeveloped 28–acre parcel of land into two 14–acre lots in order to construct two

homes, one on each lot. The petitioner's land was zoned A/R (or Agricultural Residential), which is described in the Foster Zoning Ordinance, article I, section 3, as a "district * * * characterized by a mixture of low density residential and farming uses with certain light industrial uses permitted by special exception." The minimum lot size for this zone is 200,000 square feet, or approximately 4.5 acres. The petitioner's subdivision plan sought to comply with the applicable Subdivision Regulations and Zoning Ordinance through the creative use of an S-shaped cul-de-sac.[1] Despite the fact that each of petitioner's two proposed lots contained more than triple the square footage required by the Zoning Ordinance, the Planning Board denied his subdivision plan, finding that the plan violated Subdivision Regulations section III, article E, subsections 3, 4 and 6.[2] Subsection 3 provides that except on those sides bordering a road, new lot boundaries shall have no interior angles greater than 200 degrees. Subsection 4 states that the average depth-to-width ratio of any lot shall not exceed 2.5 to 1. Subsection 6 provides in pertinent part that all side-lot lines shall be as near to right angles as practicable to road rights-of-way lines.

The petitioner appealed the decision of the Planning Board pursuant to G.L.1956 (1988 Reenactment) § 45–23–16. This appeal was filed with the Foster Zoning Board of Review (Zoning Board of Review), which was designated to act as the board of review for decisions of the Planning Board under § 45–23–14. The Zoning Board of Review held a public hearing on petitioner's subdivision plan on October 12, 1988. At this hearing petitioner and members of the public presented evidence concerning the proposed subdivision. On November 9, 1988, the Zoning Board of Review issued a written decision that upheld the decision of the Planning Board to deny petitioner's subdivision plan. As reasons for its decision the Zoning Board of Review made the following findings: first, the proposed subdivision violated Article IV, section 4, of the Zoning Ordinance relative to the frontage requirements for corner lots (apparently in violation of section III, article E, subsection 1 of the Subdivision Regulations); second, the proposed subdivision violated the Subdivision Regulations regarding the interior lot angles and depth-to-width ratios (in violation of section IV, article E, subsections 3 and 4); and third, the wetlands conditions on the parcel precluded the granting of variances from the Subdivision Regulations.[3]

The petitioner appealed the decision of the Zoning Board of Review to the Superior Court pursuant to § 45–23–20.[4] The primary thrust of his appeal was that the Zoning Board of Review's decision was arbitrary, capricious, and an abuse of discretion, that the decision will result in unnecessary hardship, and that the decision amounts to a taking of petitioner's property without due process of law.

After commenting upon the fact that petitioner needed to gain relief from the frontage requirements of the Zoning Ordinance as one prerequisite to complying with the Subdivision Regulations, the trial court determined that petitioner was procedurally incorrect in attempting to obtain relief from the Zoning Ordinance by way of

1. We draw this information from the parties' briefs and the record since the actual proposed subdivision plan was not transmitted to the Supreme Court.

2. This information is taken from the Superior Court rescript since the decision of the Planning Board was not part of the record transmitted to the Supreme Court.

3. These findings were also taken from the Superior Court rescript. However, on our own review of the transcript of the public hearing and the Zoning Board of Review's written decision, although we acknowledge that the Zoning Board of Review expressed some concern about wetlands conditions, we see no evidence that the Board made any finding that the wetlands conditions on the property precluded its granting of variances from the Subdivision Regulations under G.L.1956 (1988 Reenactment) § 45–23–18(c). The Zoning Board of Review merely stated in its conclusion that "[t]he wetlands conditions on this parcel aggravate the situation and indicate that this parcel should not be intensely developed."

4. Actually, petitioner mistakenly filed his appeal under G.L.1956 (1988 Reenactment) § 45–24–20.

an appeal from a denial of a subdivision application. The trial court stated that "the proper avenue to obtain a variance is to file an application with the Zoning Board of Foster. (See R.I.G.L. § 45–24–20)." The trial court therefore remanded the matter to the Zoning Board for further proceedings in accordance with its findings.

On appeal to this court petitioner argues that the trial court erred in not overturning the decision of the Zoning Board of Review and also in not finding that as a matter of law petitioner's subdivision plan should have been approved.

■ We must disagree with petitioner's arguments despite our reluctance to delay the ultimate decision regarding his legal right to develop his property. We disagree because we recognize that the matter was properly remanded to the Zoning Board since the trial court was correct in asserting that it could not review the Zoning Board of Review's denial of petitioner's subdivision plan in a situation in which the necessary relief from the Zoning Ordinance had not yet been sought. *See Northeastern Corp. v. Zoning Board of Review of New Shoreham,* 534 A.2d 603, 605 (R.I. 1987). Our holding is supported by the language of § 45–24–20(d), which states that "[t]he [trial] court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact."

■ On remand we strongly encourage the Zoning Board to explore a possible application of the *Viti* doctrine to petitioner's application for relief from the frontage requirements of the Zoning Ordinance in order to avoid what may amount to a confiscatory taking of petitioner's property. The *Viti* doctrine, first enunciated in *Viti v. Zoning Board of Review of Providence,* 92 R.I. 59, 166 A.2d 211 (1960), and expounded upon in numerous succeeding cases, distinguishes among three types of relief commonly available from zoning ordinances under certain circumstances. *Gara Realty, Inc. v. Zoning Board of Review of South Kingstown,* 523 A.2d 855 (R.I.1987). These types of relief are a variance, a deviation, and an exception.

■ This court has several times distinguished between a "true" variance, a deviation, and an exception. *See Felicio v. Fleury,* 557 A.2d 480 (R.I.1989); *Gara Realty, Inc. v. Zoning Board of Review of South Kingstown,* 523 A.2d 855 (R.I.1987); *DeStefano v. Zoning Board of Review of Warwick,* 122 R.I. 241, 405 A.2d 1167 (1979). A "true" variance is relief to use land for a use not permitted under the applicable zoning ordinance. *Westminster Corp. v. Zoning Board of Review of Providence,* 103 R.I. 381, 385–86, 238 A.2d 353, 356–57 (1968). A deviation is relief from restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements. *Felicio,* 557 A.2d at 482; Chase, *Viti Revisited, or, Just What Is a Zoning "Deviation"?,* 22 Suffolk U.L.Rev. 315, 319–20 (1988). An exception is relief expressly allowed by the applicable zoning ordinance that is similar in nature to a deviation in that it generally pertains to area and setback requirements of a permitted use. *Gara Realty, Inc.,* 523 A.2d at 858.

■ We note that the *Viti* doctrine has been applied in a prior decision of this court to grant relief from a violation of the frontage requirements in the applicable zoning ordinance. *See Felicio,* 557 A.2d at 482. Furthermore, it is important to realize that the nature of the type of relief sought from a zoning ordinance substantially affects the burden of proof that must be sustained by a petitioner. A petitioner seeking a "true" variance must satisfy the "unnecessary hardship" standard of § 45–24–19(c), which requires "a showing of deprivation of all beneficial use of property." *Gara Realty, Inc.,* 523 A.2d at 858 (quoting *Rozes v. Smith,* 120 R.I. 515, 519, 388 A.2d 816, 819 (1978)). Conversely, a petitioner seeking a deviation need show only an adverse impact amounting to more than a mere inconvenience. *Felicio,* 557 A.2d at 482. Finally, a petitioner seeking an exception under the applicable zoning ordinance must show only that neither the proposed use nor its location on the property would have a detrimental impact upon the public's health, safety, welfare, or mor-

als. *Gara Realty, Inc.*, 523 A.2d at 858 (citing *Toohey v. Kilday*, 415 A.2d 732, 736 (R.I.1980)).

We fully recognize that even if the Zoning Board on remand grants the requested relief from the frontage requirements of the Zoning Ordinance, the petitioner must still overcome the Zoning Board of Review's findings that his subdivision plan violates section IV, article E, subsections 3 and 4 of the Subdivision Regulations. However, at that point the petitioner would be procedurally correct to seek review of the Zoning Board of Review's decision from the Superior Court under § 45–23–20.

For these reasons the petition for certiorari is denied, the writ previously issued is quashed, the decision of the Superior Court is affirmed, and the papers of this case are remanded to the Superior Court with our decision endorsed thereon, for proceedings consistent with this opinion.