[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal by Theap Daravikchay (Plaintiff), who seeks reversal of an August 9, 1989 decision of the City of Cranston Zoning Board of Review (the Board), which denied his application for a deviation. Jurisdiction in this Superior Court is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-20.
Statement of Facts
The pertinent facts of the instant appeal are as follows. Plaintiff is the owner of the subject lot in question which is designated as lot number three thousand nineteen (3,019) of Cranston Tax Assessor's Plat seven (7). Said lot is located at Six (6) Birch Street, Cranston, Rhode Island. The lot is zoned C-3, which under the zoning ordinance of Cranston is defined as general business. Said lot was, and remains, vacant.
Pursuant to § 30-19 of the Cranston Zoning Ordinance, an area upon which a land owner seeks to construct a retail building must include a minimum area of six thousand (6,000) square feet and a minimum rear yard of twenty (20) square feet. Lot 3,019 measures approximately three thousand two hundred and sixty-eight (3,268) square feet and under the proposed building would have a rear yard of only thirteen (13) feet. Intending to construct a retail building thereon, Plaintiff filed an application on May 15, 1989, seeking relief from the area regulations.
A scheduled and advertised hearing was held on August 9, 1989. At the hearing, Plaintiff, who was represented by counsel, offered testimony from a duly qualified architect, Joseph Falcone. Mr. Falcone testified that the proposed building would be twenty (20) feet by sixty (60) feet in dimension. He described the neighborhood as mixed — commercial and residential — and further noted that the proposed building would be harmonious with the surrounding area. Mr. Falcone also testified that the proposed building would not be detrimental to the safety and welfare of the people living in the neighborhood. He indicated that since Plaintiff owned the two lots adjacent to the proposed building site, off-street parking requirements would be satisfied.
The Board also heard testimony from Frank Mastrati, Councilman and spokesman for objectors to the granting of the variance. Approximately eight (8) objectors appeared at the hearing. Mr. Mastrati testified that, in his opinion, traffic congestion in the area would be further compounded by the proposed retail store.
After hearing testimony and duly considering the arguments put forth, the Board held that their granting of the application would substantially injure the appropriate use of the neighboring property and would not be in harmony with the character of the neighborhood or appropriate to the use of the buildings authorized in that district. Further, the Board held that there was not evidence of undue hardship relative to the lot and that Plaintiff failed to prove that he would be denied all beneficial use of said lot. In response, Plaintiff has filed the instant appeal.
In reviewing a zoning board decision, this Court is constrained by R.I.G.L. 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the Board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 120 R.I. 501, 505,388 A.2d 821, 825 (1978). The Rhode Island Supreme Court has defined "substantial evidence" as "more than a scintilla but less than a preponderance." Id. Additionally, the term encompasses "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
Plaintiff contends that the Board applied an improper standard in denying his application for the requested relief. Plaintiff further avers that the Board's decision is not supported by sufficient evidence on the record and is, therefore, arbitrary, capricious, and reflective of an abuse of discretion.
With respect to the standard for granting relief from zoning regulations, there are available three (3) types of relief — a variance, a deviation, and an exception. Gara Realty Inc. v.Zoning Board of South Kingston, 523 A.2d 855 (R.I. 1987).
A variance is available when the relief sought is to use the land for a use not permitted under the zoning ordinance. Id. at 482. To obtain a variance, one must satisfy the "unnecessary hardship" standard of R.I.G.L. 1956 (1988 Reenactment) §45-24-19(c), which requires a showing of deprivation of all beneficial use of property.
The second type of relief available is the deviation which constitutes the type of relief available from restrictions governing a permitted use, such as area and or setback requirements. This standard, known as the "Viti" doctrine, was first enunciated in Viti v. Zoning Board of Review ofProvidence, 92 R.I. 59, 166 A.2d 211 (1960). To obtain a deviation by this standard, the threshold burden a landowner must satisfy is to demonstrate to the zoning board that the denial of the request would have an adverse impact amounting to more than a mere inconvenience. Gara Realty Inc., supra at 858;DeStefano v. Zoning Board of Review of Warwick, 122 R.I. 241, 246, 405 A.2d 1167, 1170 (1979). "More than a mere inconvenience" has been interpreted to mean that an applicant must show that the relief he or she seeks is reasonably necessary for full enjoyment of the permitted use. DiDonato v. Zoning Board of Review ofJohnston, 104 R.I. 158, 142 A.2d 416 (1968).
The third type of relief available is the exception which is expressly allowed by the applicable zoning ordinance. Bamber v.Zoning Board of Review, 591 A.2d 1220, 1223 (1991). It is similar in nature to a deviation in that it generally pertains to area and setback requirements of a permitted use. Id. In order to obtain an exception one need only show that neither the proposed use nor its location on the site would have a detrimental effect upon the public health, safety, welfare, and morals. Gara Realty Inc. at 858; Toohey v. Kilday,415 A.2d 732, 736 (R.I. 1980).
In the case at bar, Plaintiff applied for permission to erect a retail store upon his property. The lot is zoned as C-3, in which the construction of such building is a permitted use. In his application, Plaintiff sought relief from compliance with minimum lot size and rear yard area restrictions. In denying Plaintiff's application, the Board treated the request as a variance and applied the "unnecessary hardship standard." The Board found that Plaintiff failed to show a deprivation of all beneficial use of property.
Plaintiff contends that the Board inappropriately applied the burden of proof applicable to variances as the proper standard was that for either a deviation or an exception. This Court agrees that the type of relief sought by Plaintiff was not a variance, as he was not seeking permission to utilize the land for a use not otherwise permitted. Therefore, the "unnecessary hardship" standard of R.I.G.L. § 45-24-19 was inapplicable and Plaintiff did not need to prove a loss of all beneficial use in order to establish a right to relief.
In the present case, the relief requested was a deviation, inasmuch as an exception is not available for this type of relief under the provisions of the Cranston Zoning Ordinance.[1]
Accordingly, it was Plaintiff's burden to prove to the Board the existence of an adverse impact amounting to more than a mere inconvenience from the denial of the deviation requested.
A thorough review of the transcript, and the exhibits from the hearing on the application, reveals that Plaintiff did not meet said burden. The record is absent of any evidence demonstrating that Plaintiff would suffer an adverse impact amounting to more than a mere inconvenience. The testimony offered by Plaintiff's architect, Mr. Falcone, primarily related to the actual structure of the proposed building. Mr. Falcone also provided testimony with respect to the impact the building would have on the surrounding neighborhood. However, there was no other testimony on evidence offered by Plaintiff showing he would suffer an adverse impact amounting to more than a mere inconvenience from the denial of the application. Accordingly, Plaintiff failed to show that the deviation was reasonably necessary for the full enjoyment of the permitted use of his property. The failure by Plaintiff to meet said burden was adequate grounds for denying the application for the requested relief. See Apostolou v. Genovesi, 120 R.I. 501, 388 A.2d 821
(1978) (application for relief was properly denied where there was no evidence indicating that full compliance with the boundary requirements of an ordinance would constitute more than a mere inconvenience affecting the full enjoyment of the permitted use.)
While this Court recognizes that the Board applied an improper standard when it decided Plaintiff's application, reversal or modification of the Board's decision, or a remand for further proceedings, is not warranted under the provisions ofR.I.G.L. 1956 (1988 Reenactment) § 45-24-20(d). Said section unambiguously requires a finding by the court that substantial rights of the party have been prejudiced in order to warrant a reversal, modification, or remand. This Court is not convinced that substantial rights of Plaintiff have been prejudiced since Plaintiff did not satisfy his burden as previously discussed. Plaintiff presently is making "reasonable use of his property." (August 9, 1989 Decision of the Board) Moreover, the Rhode Island Supreme Court has stated that a remand for further proceedings should be based upon a genuine defect in the first instance, which defect was not the fault of the party seeking the remand.Roger Williams College v. Gallison, 572 A.2d 61, 63 (R.I. 1990). In the present case, fault lies directly upon Plaintiff for his failure to meet his burden at the hearing. As such, a remand is not proper.
After a review of the entire record, this Court finds the Board's decision denying Plaintiff's application is supported by substantial evidence. For the reasons herein above set out, the August 9, 1989 decision of the Board is affirmed.
Counsel shall prepare the appropriate judgment for entry.
[1] Section 30-49(m) of the Cranston Zoning Ordinance provides for special exceptions only in such cases as to permit minor irregularities in the alignment of buildings or to grant an extension of a building or use no more than fifty (50) feet into a more restricted district immediately adjacent thereto.