[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before this Court is an appeal filed February 26, 1991 by E.A. Shabo, Inc. (hereinafter "plaintiff") from a decision of the Zoning Board of Review of the Town of Johnston (hereinafter "zoning board"). The plaintiff seeks reversal of the zoning board's January 31, 1991 decision denying its petition for a special exception. Jurisdiction in this Court is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-20.
FACTS and TRAVEL
The plaintiff, a Rhode Island corporation, is the record owner of 17,000 square feet of land located at 1512 Atwood Avenue in Johnston, Rhode Island. This parcel is designated as Lot No. 218 on Plat No. 53, and is zoned B-2, a general business district. For the past six years, plaintiff has operated a car wash on this land. However, the plaintiff wanted to build a gasoline filling station in addition to the car wash. According to Article VI of the Johnston Zoning Ordinance, plaintiff was required to file a special exception for a gasoline filling station in a B-2 district.
On December 22, 1990, plaintiff filed an application with the zoning board for a special exception from the zoning ordinance. On January 31, 1991, the zoning board held an advertised public hearing on plaintiff's application. Although the record before this Court does not contain a transcript of the zoning board's meeting, minutes from the meeting provide the following facts.
The plaintiff testified that due to financial reasons, he would like to put gas pumps at the car wash. Plaintiff stated that he planned to replace the vacuums with gas pumps. The board also heard testimony from Albert T. Parrillo, an abutting lot owner, who objected to the installation of gas pumps and tanks for a filling station. Mr. Parrillo testified that in his opinion Atwood Avenue was already too congested. No other testimony was provided.
Members of the zoning board then made the following observations. John Najarian stated, "in his opinion [a gas station] was not called for in the area." [Minutes, p. 3]. Vincent DiPaolo also stated that "he feels it is too narrow." [Minutes, p. 3].
Based on the testimony before it, the zoning board denied the plaintiff's application for a special exception for the following reasons:
 1. The public convenience and welfare will not be substantially served.
 2. It will not be in harmony with the general purposes and intent of this ordinance.
 3. It will result in or create conditions that will be inimical to the public health, safety, morals, and general welfare of the community.
 4. The appropriate use of neighboring property will be substantially or permanently injured. Decision, filed January 31, 1991.
From this zoning board decision, the plaintiff filed this appeal.
Standard of Review
The Superior Court review of a zoning board decision is controlled by R.I.G.L. 1956 (1991 Reenactment) 45-24-20(d), which provides as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a zoning board decision, the Superior Court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 388 A.2d 821, 825 (R.I. 1978). This requisite "substantial evidence" has been further defined." . . . as more than a scintilla but less than a preponderance."Id. at 824. Furthermore, it is such "relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. at 826.
The plaintiff argues that the zoning board's denial of its application for a special exception should be reversed for lack of reliable, competent, and probative testimony. Specifically, the plaintiff contends that the testimony of non-expert witnesses as to traffic conditions and economic consequences is not legally competent. As such, the plaintiff urges this Court to reverse the zoning board's decision.
The zoning board argues that it properly denied plaintiff's request for an exception. The zoning board contends that the record in the instant matter offers substantial evidence to support its decision. The zoning board argues that granting plaintiff's request would not provide sufficient land upon which to install gas pumps and tanks. Thus the zoning board's position is that since the plaintiff only sought an exception, rather than a variance as well, the board could not grant plaintiff's request.
The Rhode Island Supreme Court has frequently distinguished the types of relief available from zoning ordinances. An exception is relief expressly allowed by the applicable zoning ordinance that is similar in nature to a deviation in that it generally pertains to area and setback requirements of a permitted use. Bamber v. Zoning Bd. of Review of Foster,591 A.2d 1220, 1223 (R.I. 1991) (citing Gara Realty, Inc. v. ZoningBoard of Review of South Kingstown, 523 A.2d 855, 858 (R.I. 1987)). When applying for a special exception "an applicant must preliminarily show that the relief sought is reasonably necessary for the convenience and welfare of the public." Salve Regina v.Newport Zoning Board of Review, 594 A.2d 878, 880 (R.I. 1991). Furthermore, a petitioner seeking an exception under the applicable zoning ordinance must show only that neither the proposed use nor its location on the property would have a detrimental impact upon the public's health, safety, welfare, or morals. Bamber, 591 A.2d at 1223-24 (citing Gara Realty,Inc., 523 A.2d at 858).
Applying the above standards, this Court finds that the plaintiff has failed to meet his burden. Although the record before this Court does not contain a transcript, what record has been provided indicates that the plaintiff did not produce sufficient evidence for the board to conclude that the installation of a gas station would be reasonably necessary for the convenience and welfare of the public. See Salve Regina,
594 A.2d at 880. The minutes of the zoning board meeting indicate that the plaintiff stated that he wanted to install pumps at his gas station. The plaintiff failed, however, to demonstrate to the board that the installation of gas pumps and the location of those gas pumps on the property would not have a detrimental impact upon the public's health, safety, welfare or morals.See, Bamber, 591 A.2d at 1223-24. Rather, a member of the zoning board, considering factors within his knowledge, noted that permitting such an installation would allow only five feet upon which to install such pumps. See, Toohey v. Kilday,415 A.2d 732, 737 (R.I. 1980). Such a narrow strip would presumably have a detrimental impact and would be injurious to the public interest.
After reviewing the record before it, this Court finds that the decision of the zoning board was not arbitrary or capricious or affected by error of law and is supported by substantial evidence in the record. For the aforementioned reasons, the decision of the Johnston Zoning Board is affirmed.