[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is an appeal from a decision of the Zoning Board of Review for the City of East Providence granting relief to Arnold and Adrith Andrade. Mr. Quattrucci (hereinafter appellant) owns property within a 200 foot radius of the subject property and opposed the relief requested. Jurisdiction of this court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-20.
FACTS/TRAVEL
This controversy involves property located at 482 Waterman Avenue, East Providence, Map 406, Block 1, Parcel 30, 31 and 32. On June 30, 1992 Arnold and Adrith Andrade applied to the East Providence Zoning Board for relief from several sections of the city's ordinances. The Andrades own the property at issue and lease it to East Providence Auto Body. The auto body shop is a family run business, operated by Arnold Andrade and his son, Kenneth. The business is wholly situated upon a portion of the Andrade property zoned C-5, for heavy commercial use. A small portion of the property is unused and zoned R-4 for residential use. The Andrades' application requested permission to extend the existing building with relief from area and setback requirements of section 19-145; the number of off-street parking spaces determined under section 19-284(25); and the landscaping buffers imposed by sections 19-283(c) and (e). The existing building is nonconforming with respect to front and side setbacks, and the applicants also sought relief from section 19-413 which prohibits extension of a nonconforming structure.
The zoning board held a hearing to review the Andrades' application on July 29, 1992. The applicants instructed the board their request was for a deviation, or Viti variance, as the auto body shop is a permitted use in operation at that location for an estimated 45 years. (Tr. at 2). Mr. Kenneth Andrade, Vice President of East Providence Auto Body, explained an addition to the existing building was necessary to accommodate new, state-of-the-art equipment. He had purchased the equipment at a bankruptcy auction, and its size required an addition measuring 35 feet by 45 feet. (Tr. at 2). Kenneth Andrade testified that unless the addition was 45 feet wide they would be required to add "twice the system back" to the rear of the building. (Tr. 5). The equipment consists of a painting booth with air and noise filters incorporated into the unit. Promotional literature and photographs of a comparable unit were submitted to the board. Kenneth testified further that the upgraded system would filter out the dust, smell and noise that is presently produced at the auto body shop. (Tr. at 6). Thus, the Andrades claimed the new equipment would benefit employees and the general neighborhood, as well as, their own business. A petition with signatures in support of the venture, representing 90% of the abutters, was also submitted to the board. (Tr. at 3). Kenneth Andrade reported he individually contacted the neighbors abutting the lot line with a proposed three foot setback. Those neighbors were not opposed to the project, although plans to landscape, stripe parking spaces and generally rehabilitate the property were also conveyed to them. (Tr. at 8).
Mr. Arnold Andrade testified he personally contacted the majority of the neighbors surrounding the auto body shop. He explained the proposal to expand, up-grade and renovate the property; and 90% of the neighbors were not opposed. (Tr. at 10).
Certain board members viewed the property in preparation for the hearing and expressed concern about its condition. Mr. Sullivan described it as a "dump" and noted: "There are auto body parts in the back, the grass is eight feet high over the auto body parts; there are chassis parts; there are bumpers; there are two trailers that aren't supposed to be there, other trailers on the ground. There is cement; there is foundation forms in there; there is air conditioning ducts in there." (Tr. at 11-12). At that point Kenneth Andrade was asked if he was agreeable to the board granting the variance (deviation) upon the condition that the property would be restored and renovated.
Three neighbors testified on behalf of the Andrades, indicating they had no objection to the expansion of the building and were encouraged by plans to restore and upgrade the property. (Tr. at 29-32).
Appellant, Arthur Quattrucci, also spoke at the hearing and was in opposition to the application. In an argumentative manner, appellant repeatedly pointed out to the board the various ordinances the proposed plan violated. (Tran. 35, 38, 39, 48). Appellant informed the board that East Providence Auto Body was licensed for both sales and service of used automobiles and accordingly, the off-street parking required should be calculated for two business activities (Trans. 33). In support of his contention appellant submitted to the board a list of businesses in East Providence that are licensed for secondhand auto sales and which indicated Andrade's Auto Body. (Tr. at 33). Appellant also made an unsubstantiated allegation that parking spaces at the auto body shop had been allocated by the city council for adjacent businesses.
Board members, questioning appellant's motivation, asked if he had a personal grievance with the Andrades or if he was a business competitor. (Tr. 49). After a contentious argument, appellant was asked to yield the floor. (Tr. at 51). One additional remonstrant also voiced an objection.
Despite appellant's opposition, the board determined it had sufficient evidence before it to make a decision. They amended the Andrades' application to include section 19-137 of the city's zoning ordinances. That section requires 30 foot setbacks on commercial property lines abutting residential areas. The board found the relief sought was not contrary to the public interest and that without relief the Andrades would be adversely affected to a degree greater than a mere inconvenience. (Tr. at 60). The deviation was granted in a 5 to 0 vote subject to several conditions, including: removal of the trailers on the property; removal of the automobiles on the property; cleaning up the property; cutting the grass; painting the building; paving the parking area; and refraining from any further towing business.
II. APPELLATE REVIEW OF MUNICIPAL ZONING BOARD DECISION
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-20(d), which provides:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
It is a well settled principle that on review the Superior Court will not substitute its judgment for that of the zoning board, but will examine the record for substantial evidence to support its decision. Apostolou v. Genovesi, 388 A.2d 821 (R.I. 1978). Substantial evidence has been defined as "more than a scintilla but less than a preponderance." Id. at 824. It is sufficiently relevant evidence a reasonable person would recognize as adequate to support the conclusion. Id. at 826.
On appeal, Quattrucci argues that the decision of zoning board is not supported by substantial evidence. Specifically, he contends the Andrades failed to meet their burden of proof; that they would suffer more than an inconvenience without relief. Appellant asserts it would merely be inconvenient for the Andrades to operate their business in the existing structure, and their plan to expand the building is only a preferred alternative.
Appellant also argues that the board's decision was arbitrary, capricious and an abuse of discretion. The planning department for the City of East Providence reviewed the application at issue and recommended to the board that it be denied. Appellant suggests further the board was "predisposed" to approve the application and contends certain comments by members of the board demonstrate an improper motive.
The city argues the board had sufficient evidence before it to grant the relief requested in the Andrades' application and that the decision of the board is based on substantial evidence.
DISCUSSION
A deviation is zoning relief from regulations that govern permitted uses such as lot-line setbacks, on-site parking and minimum frontage requirements. Bamber v. Zoning Board ofReview, 591 A.2d 1220, 1223 (R.I. 1991); Felicio v. Fleury,557 A.2d 480, 482 (R.I. 1989). The record established East Providence Auto Body is a permitted use, wholly located in an area zoned C-5 for heavy commercial activity. Thus, the Andrades' request for relief from setbacks, off-street parking spaces and landscaped buffers, was properly characterized as a deviation, and the board assessed the evidence before it in light of the proper standard.
The request for relief from section 19-413, prohibiting extension of a nonconforming structure, is also unrelated to the use of the property. As such it is properly analyzed as either a request for a special exception or a deviation. Hugas v.Veader, 456 A.2d 765, 770 (R.I. 1983). The East Providence Zoning Board is empowered to grant special exceptions under section 19-38(2) of the city's zoning ordinances. Section 19-38(2) does not enumerate section 19-413 as appropriate for that relief. Likewise, section 19-413 does not specifically authorize relief by special exception. Accordingly, the application before the board for permission to extend the nonconforming structure was also properly characterized as a request for a deviation.
In Viti v. Zoning Board of Review of Providence,166 A.2d 211 (R.I. 1960), Rhode Island recognized that an owner is entitled to relief from the literal enforcement of zoning regulations when such enforcement would preclude the full enjoyment of a permitted use. The standard established for a deviation requires a showing that the adverse effect of enforcement of the ordinance amounts to more than a mere inconvenience. Bamber, 591 A.2d 1223; Westminster v. ZoningBoard of Providence, 238 A.2d 353, 387 (R.I. 1968). The test to determine if a deviation is properly granted "is whether a literal enforcement thereof would have an effect so adverse as to preclude the full enjoyment of the permitted use." Westminster,238 A.2d 387. Evidence that an application for relief details a "preferable alternative" when full compliance with the zoning regulations is possible has been determined as insufficient to meet the standard established. Reposo v. Zoning Board ofReview, 243 A.2d 99 (R.I. 1968); DiDonato v. Zoning Board ofReview, 242 A.2d 416 (R.I. 1968). Likewise, where an owner's full enjoyment of a permitted use is impaired by a matter amounting to only an inconvenience, the standard is not met.Westminster, 238 A.2d 388. The issue at bar then, is whether the zoning board had substantial evidence before it to determine that without relief the Andrades' full enjoyment of their business use would be more than inconvenience? Stated another way, whether the Andrades' requested relief was necessary for their full enjoyment of the property, as opposed to merely a preferred alternative?
The evidence before the East Providence Zoning Board included a Radius Plat Plan of the proposed addition. That plan revealed the unusually narrow dimensions of the lot, the extent to which the present building is nonconforming, the designated loading area and the planned off-street parking spaces. Testimony indicated the proposed addition had to be 45 feet wide to accommodate the size of the new equipment, leaving only three feet on one side abutting residences and joining the present structure at the street on the opposite side. Kenneth Andrade testified that the only alternative placement of the equipment would necessitate extending the building back, essentially consuming any loading area. The board also had before it a pamphlet with photographs of identical equipment, and the petition in favor of the extension. The personal knowledge of the various board members who viewed the property was designated as a factor in their findings.
This court is satisfied the zoning board granted the Andrades' request for a deviation based upon the substantial evidence before it. Without the relief sought the Andrades would be unable to up-date their business equipment, be denied the full benefit and enjoyment of their permitted business use, and undoubtedly be adversely affected to a level more than an inconvenience. The record before the court does not demonstrate that the Andrades' plan was merely a preferred alternative, and there was no evidence the Andrades' goals could be accomplished in compliance with the East Providence regulations.
Appellant's second contention, that the board's decision was arbitrary and capricious is also unconvincing. To support this assertion appellant points to a single comment of chairman Gerald Sullivan: "I understand that but you know we are here to grant the variance." Reviewed in the context of the whole record, this is scant evidence of improper motive.
For the reasons stated above the decision of the East Providence Zoning Board of Review is affirmed.
Counsel shall submit the appropriate judgment for entry.