DECISION
Before the Court is an appeal from a decision of the Zoning Board of Review for the Town of Smithfield (hereinafter "Board"). Pasquale and Susan Mastrostefano (hereinafter "Plaintiffs") seek to have this Court reverse the decision of the Board granting a special exception to Contemporary Associates ("Contemporary"). Jurisdiction is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-20.
Facts/Travel
The property in question is owned by Contemporary and is identified as Lot 24A on Tax Assessor's Plat 8 on Greenville Avenue in the Town of Smithfield. The Plaintiffs are abutters owning real estate identified as Lot 8 on Tax Assessor's Plat 8 located at Maplecrest Drive in the Town of Smithfield.
Contemporary owned thirty-nine (39) acres of undeveloped land in the Town of Smithfield bordering on Maplecrest, the neighborhood in which Plaintiffs have resided for twenty-five years. Contemporary began to subdivide and develop the real estate into residential lots, naming the development Factory Pond Estates.
As part of the ongoing development, Contemporary was required to construct a sewage pumping station to service the waste generated by Factory Pond Estate's residences. Contemporary was required to and did submit a development proposal to the Town of Smithfield Sewer Authority ("Sewer Authority") which placed the pumping station in the center of the cul de sac within Factory Pond Estates. The Sewer Authority rejected this proposed location and ordered Contemporary to situate the pumping station in an area where it could service not only Factory Pond Estates, but also Maplecrest Drive where Plaintiffs reside. Maplecrest Drive could therefore be tied into the Town's sewer system at some point in the future by utilizing the same pumping station. As a result of the Sewer Authority's directive, the pumping station was placed in a position approximately fifty-five (55) feet from the Plaintiffs' property line.
Contemporary was required to file an application for a special exception with the Board in accordance with Smithfield Zoning Ordinance Section 5-3-3(c). The Board held a public hearing on August 29, 1990. In support of its application for the special exception Contemporary presented lay and expert witnesses who included Richard Geldard, the Town's engineer; John Fogarty, a partner in Contemporary; Thomas Andolfo; a real estate appraiser; Richard Chiodini, an engineer; Wallace Reed, a civil engineer and consultant for the Sewer Authority; and James Poirier, a member of the Sewer Authority. Plaintiffs attended the hearing and voiced their strong opposition to the location of the pumping station. In support of their position, the Plaintiffs offered the testimony of Plaintiff Susan Mastrostefano, John Verado and Vincent O'Connell as well as the expert testimony of Michael DelRossi, a civil engineer, and Leonard Nyberg, a civil engineer. On October 19, 1990, the Board issued a 4-1 decision approving the special exception to allow the sewer pumping. Plaintiffs appealed the Board's decision to this Court and, also, moved to supplement the record.
On March 26, 1991, a judge of the Superior Court granted Plaintiffs' motion to Supplement the Record on the issues of decibel levels and electromagnetic fields and remanded the case to the Board. On May 13, 1992, the Plaintiffs presented additional affidavits, studies and booklets regarding electromagnetic fields to the Board. In addition, Plaintiff, Susan Mastrostefano, submitted evidence regarding the decibel levels of noise on her property emanating from the pumping station. She contended that such decibel level exceeded permissible levels established by Town of Smithfield Ordinance § 7-6-3.
After reviewing the additional evidence, the Board upheld its previous decision granting Contemporary the special exception. This appeal followed.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D) which provides:
 45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a Justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
As a condition precedent to being granted a special exception, an applicant must establish that the relief sought is reasonably necessary for the convenience and welfare of the public. Toohey v. Kilday, 415 A.2d 732, 735 (R.I. 1980). To satisfy the public convenience and welfare precondition, an applicant must demonstrate only that neither the proposed use nor its location on the site would have an inimical impact upon public health, safety, welfare and morals. Bamber v. Zoning Boardof Review of Town of Foster, 591 A.2d 1220, 1223-24 (R.I. 1991). Traditionally, considerations of public health and safety are afforded the greatest weight when reviewing a zoning board's decision to grant or deny a special exception. Mendosa v. Corey,495 A.2d 257, 263 (R.I. 1985).
On appeal, the Plaintiffs contend that the Board did not conduct the proper inquiry for a special exception. The Plaintiffs contend the Board incorrectly focused on the public's need for a sewer system that would service the Maplecrest Drive neighborhood, (Plaintiff's Br. at 12), "rather than scrutinizing the welfare concerns of the Mastrostefanos"' and other surrounding neighbors. In essence, the Plaintiffs claim that the Board granted the special exception because the Town, and not just the new development, would benefit from a pumping station.
The developers in the instant action applied for and were granted a special exception to install a pumping station for a proposed residential development known as Factory Pond Estate. The pumping station would connect Factory Pond Estates sewage with the Town's sewer system. The 1990 Town of Smithfield Zoning Ordinance, § 5-3-3, characterized a pumping station as a permitted use in all zones, simply requiring, among other things:
 b. The use shall be screened from public view and any adjoining residential, commercial, office and/or industrial districts with a durable masonry wall, fence or hedge or other natural planting of comparable capacity, as ordered by the Board.
 c. All facilities shall be designed, constructed and operated so as to have a minimum deleterious effect on the health, safety and general welfare of the community.
Moreover, the Board was required to find that the permitted use meets the standards set forth in § 8.0 of the Town's Zoning Ordinance. Specifically, 8-4-4.b governing special exceptions states that the Board may grant a special exception once the applicant has established that the proposed use meets each of the following:
 a. The public convenience and welfare will be substantially served.
 b. The use will be in harmony with the general purpose and intent of the Ordinance.
 c. The use will not result in or create conditions that will be inimical to the public health, safety, morals and general welfare of the community.
In prior proceedings in this case, the Superior Court permitted the objectors, appellants herein, to present additional evidence to the Board regarding the noise levels produced by the pumping station. After hearing at which Mrs. Mastrostefano stated that her testing yielded noise levels in excess of the 60 decibel maximum set forth in § 7.6.3 of the Town's Zoning Ordinance, the Board upheld its prior decision to grant the petitioners the requested relief.
Thus, the Plaintiffs contend that in the second hearing the Board applied an improper standard and ignored the requirement that the proposed use have a "minimum deleterious effect on the health, safety and general welfare of the community" by ignoring the deleterious effect on the Mastrostefanos. (Plaintiff's Br. at 7).
In reviewing the entire record, this Court finds that the Board not only applied the proper test for a special exception, but that its grant of such relief is amply supported by the record. In concluding that the relief sought would not be inimical to the public health, welfare or morals, the Board unambiguously refers to the testimony of Mrs. Thomas E. Hefner, John Fogarty, Thomas Andolfo, Richard Chiodini, Wallace W. Reed, James Poirier, presented by the applicant. In essence, the copious pages of testimony demonstrate that the Board had ample competent evidence to find that the proposed pumping station meets all the requirements of §§ 5.3.3 and 8.4.4.b of the ordinance. Conversely, the Plaintiffs presented testimony from Mrs. Mastrostefano, who testified regarding the high decibel levels created by the generator, and from Mr. Michael DelRossi, a qualified engineer who presented hand-drawn sketches of a purportedly better location for a pumping station, as well as his estimate of the cost of such a move. The Board in its decision clearly weighed the evidence that the Plaintiffs presented and found the Town's witnesses' testimony to be more persuasive. Indeed, the Board states in its decision that it "discounted the testimony of Mr. DelRossi, who indicated that he drew his plans in about 30 minutes, in favor of engineering testimony and advice of three engineers — Mr. Chiodini, Mr. Reed and Mr. Geldard." (Order at 4).
In the Board's May 13, 1992 resolution granting the exception, the Board found no "relevant evidence on the issue of whether the proposed constitution would create issues of decibel levels and electromagnetic fields which would be injurious to the public." (Resolution at 2). The Board also found that after a review of the documents submitted, they "fail to relate, in any relevant way, health concerns regarding decibel levels or electromagnetic fields to the proposal. . . ." (Resolution at 3).
As noted earlier, this Court is not entitled to substitute its judgment for that of a zoning board if it can find substantial evidence on the record to support its conclusion.Apostolou v. Genovesi, 120 R.I. 501, 505, 388 A.2d 821, 825 (1978). After a thorough review of the entire record, this Court finds the Board's decision to grant the special exception to be supported by reliable, probative, and substantive evidence. Accordingly, the Board's decision is hereby upheld.
Counsel shall submit an appropriate judgment for entry.