DECISION
This is an appeal from a decision of the Zoning Board of Review for the Town of North Providence. The plaintiffs seek reversal of the Board's decision dated September 1, 1995. In its decision, the Board denied the plaintiffs' application for division of land and for a dimensional variance for the construction of single-family dwellings. Jurisdiction in this Court is pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69.
Facts/Travel
Isabella Gigliotti (plaintiff) is the owner of a piece of real estate located on Northview Terrace in North Providence, Rhode Island, specifically referred to as Lot 854 on Assessor's Plat 25. Josephine Pitassi (plaintiff) owns another piece of real estate on Northview Terrace in North Providence, Rhode Island, referred to as Lot 857 on Assessor's Plat 25. At one time, both of the adjoining lots were owned by Armand Pitassi, the plaintiffs' father. Each lot is zoned RS, which means that both are situated in a residential area for single family dwelling units in detached structures, located on lots having a minimum land area of 8000 square feet, as defined by the Zoning Ordinance of the Town of North Providence. See Article II, § 201 Zoning District Regulations, North Providence Zoning Ordinance. (December 6, 1994.)
The North Providence Planning Board, subject to the action of the North Providence Zoning Board of Review, approved a subdivision of the area in question. (Record at 2) Lot 854 has an area of 11,300 plus square feet, while Lot 857 has an area of 11,700 plus square feet. (Record at 2.)
Specifically, in their application to construct single family dwelling units, the plaintiffs requested relief in the form of a dimensional variance from § 204, the District Dimensional Regulations, for a minimum lot width of 70 feet; no other relief was requested. See Plaintiffs' Application for Exception or Variance under the Zoning Ordinance, dated June 19, 1995.
On July 20, 1995 at a properly advertised, scheduled hearing on said application, the North Providence Board of Review heard testimony about the need for a variance and the type of houses that the applicants sought to build. The Board of Review heard from Armand Pitassi, the plaintiffs' father and previous owner of the parcels in question. He explained that he purchased the parcel knowing that he would need to apply for some type of variance. (Record at 5.) Mr. Pitassi also testified that the houses would be contemporary in style with wood frames, and two levels. (Record at 45.)
Several people also testified in opposition to the application for a variance. Glen Goldsboro, a resident of number 2 Northview Terrace expressed his concern that whatever properties are erected within the area in question would not be comparable to the existing properties on Northview Terrace; additionally, he was concerned that the properties would become rental properties and would not be owner occupied. (Record at 9.) Ken Patriarca, another resident of Northview Terrace, echoed Mr. Goldsboro's concerns when he testified that one of his biggest fears was that the houses in question would not be owner occupied. (Record at 10.)
Following the hearing, the Board voted three to two to deny the variance because the proposed use would "be contrary to public interest, and denying the variance will not result in an unnecessary hardship on the applicant." (Record at 19.) The decision issued on September 1, 1995 made findings that "to grant the relief requested would be contrary to public interest and would create a nuisance in the neighborhood." (Order of the North Providence Zoning Board of Review dated September 1, 1995.)
The plaintiffs filed a timely appeal to this Court asserting that the Board's decision was based upon the wrong legal standard and was not supported by substantial evidence.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D) which provides:
 "45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25).
The Variance Standards
The Rhode Island Supreme Court distinguished a true variance from a deviation in Bamber v. Zoning Board of Review,591 A.2d 1220 (R.I. 1991). The Court explained,
 "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance . . ." "A petitioner seeking a true variance must satisfy the `unnecessary hardship' standard of G.L. 1956 (1991 Reenactment) § 45-24-19(c), which requires `a showing of deprivation of all beneficial use of property.'"
 "A deviation is relief from the restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements . . ." "A petitioner seeking a deviation need show only an adverse impact amounting to more than a mere inconvenience." Bamber v. Zoning Board of Review, 591 A.2d at 1223 (citing Felicio v. Fleury, 557 A.2d 480 (R.I. 1989); Gara Realty v. Zoning Board of Review, 523 A.2d 855 (R.I. 1987); DeStefano v. Zoning Board of Review, 405 A.2d 1167 (1979)).
The Viti doctrine as it has developed in Rhode Island case law has applied exclusively to area restrictions on permitted uses.Bamber v. Zoning Board of Review, 591 A.2d at 1223 (R.I. 1991). The Viti doctrine does not apply to uses which are prohibited by the Zoning ordinance. In order to gain relief form a prohibited use, a party must seek a "true" variance. Id.
The initial issue in the case at bar is whether the Zoning Board applied the proper standard when considering the plaintiffs' application. It is apparent from the record, including the plaintiffs' application, that they were seeking a dimensional variance of 70 feet in width; they were not seeking a variance for a prohibited use. See § 204 District Dimensional Regulations, North Providence Zoning Ordinance. (December 6, 1994.) A review of the entire record indicates that the Board failed to articulate and apply the proper standard in its decision. Accordingly, this Court remands this case to the North Providence Zoning Board of Review for clarification and consideration under the applicable Viti doctrine. See Hugas Corp.v. Veader. et al., 456 A.2d 765 (R.I. 1983).
After reviewing the entire record, this case is remanded to the Board of Review for further proceedings.