DECISION
This is an appeal from a decision of the East Providence Zoning Board of Review. The appellants seek reversal of the oard's decision to deny appellants' applications for a use variance and a special use permit for the proposed East Bay Recycling Company on Dexter Road in East Providence, Rhode Island. Jurisdiction in this Court is pursuant to G.L. 1956 §45-24-69.
Facts/Travel
Arpad Merva is the owner of a parcel of real estate located at 7 Dexter Road in East Providence, Rhode Island, specifically referred to as Map 204 Block 1, parcels 17 17.1, and Map 304 Block 1, parcel 5. See Appellee's Exhibit A. The parcel is zoned I-3, which means it is situated in an industrial, heavy manufacturing district according to the East Providence Zoning Ordinance. See § 19-98 of the East Providence Zoning Ordinance. Although § 19-98 provides a schedule of use regulations, the ordinance does not specifically provide for wood-chip recycling as a proposed use. Id.
On April 24, 1995, Arpad Merva, along with Kenneth Foley, the proposed lessee of this parcel who would be the owner of the wood recycling facility, applied for a use variance and special use permit. See Appellee's Exhibit A. After proper notice and advertisement, hearings were held on May 31, 1995, and August 9, 1995. Before voting on the applications for a use variance and special use permit, the Board heard from Kenneth Foley, one of the applicants, who testified concerning the nature of the proposed recycling use. (8/9/95 Record at 9-22.) The Board also heard from Joshua Nelson, a recycling consultant retained by Mr. Foley, who addressed the issue of whether the recycling facility would emit any odors and, if so, what type. (8/9/95 Record at 24-29.) In addition, the Board heard from Andrew Ferrari, a registered professional engineer appearing on behalf of the applicants, who testified about the proposed recycling facility's noise level and soil contamination issues. (8/9/95 Record.) The Board also heard from several persons who spoke in favor of the proposed application, as well as several objectors to the proposal who put forth testimony of their own expert witnesses. (8/9/95 Record.)
On August 9, 1995, the East Providence Zoning Board of Review denied the applicants' request for a use variance and a special use permit. A written notice of decision was issued on September 8, 1995. Appellants filed a timely appeal to this court, contending that the Board committed an error of law when it denied the appellants' application and that the decision of the Board is clearly erroneous in view of the reliable, probative and substantial evidence of the whole record. This Court notes that pursuant to Rule 24 of the Rhode Island Rules of Civil Procedure, Peter Hallock, Eugene T. Voll, Mailing Services, Inc. and Gripnail Corporation are intervenors in this matter as defendants.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co. Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521
(1977)).
The Variance Standard
The appellants contend that the East Providence Zoning Board of Review committed an error of law when it denied the appellants' application for a variance. Specifically, the appellants assert that the Board applied the incorrect standard of review when it denied the appellants' application. The appellants argue that their request "is more align [sic] to a deviation and as such, the evidence presented should have been viewed using a different standard." Appellants' Memorandum of Law
at 6.
The Rhode Island Supreme Court distinguished a true variance from a deviation in Bamber v. Zoning Board of Review,591 A.2d 1220 (R.I. 1991). The Court explained,
 "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance . . . ." "A petitioner seeking a true variance must satisfy the `unnecessary hardship' standard of G.L. 1956 (1991 Reenactment) § 45-24-19 (c), which request `a showing of deprivation of all beneficial use of property.'"
 "A deviation is relief from the restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements . . . ." "A petitioner seeking a deviation need show only an adverse impact amounting to more than a mere inconvenience." Bamber v. Zoning Board of Review, 591 A.2d at 1223 (citing Felicio v. Fleury, 557 A.2d 480 (R.I. 1989); Gara Realty v. Zoning Board of Review, 523 A.2d 855 (R.I. 1987); DeStefano v. Zoning Board of Review, 405 A.2d 1167 (1979).
The Viti doctrine as it developed in Rhode Island case law has been applied exclusively to area restrictions on permitted uses.Bamber v. Zoning Board of Review, 591 A.2d at 1223 (R.I. 1991). The Viti doctrine does not apply to uses which are prohibited by the zoning ordinance. In order to gain relief from a prohibited use, a party must seek a "true" variance. Id.
At issue in the case at bar is whether the Board applied the proper standard when considering the appellants' application. It is apparent from the record, including the actual application of the appellants, that they were seeking a variance for a prohibited use; they were not seeking a dimensional variance. A review of the entire record indicates that the Board articulated and applied the proper standard of review in its decision. See
8/9/95 Record at 235-236. Accordingly, this Court finds that the application before the Board was properly characterized as an application for a use variance.
The plaintiff further argues that even under the standard for a use variance, the Board's decision is clearly erroneous in view of the reliable, probative and substantial evidence of the whole record. The criteria for a use variance are as follows:
 "(a) In granting a variance, the zoning board of review shall require that evidence to the satisfaction of the following standards be entered into the record of the proceedings:
 "(1) That the hardship from which the applicant seeks relief is due to the unique characteristics of the subject land or structure and not to the general characteristics of the surrounding area, and not due to a physical or economic disability of the applicant (personal hardship shall not be considered grounds for a variance, since the variance will continue to affect the character of the neighborhood after title to the property has passed);
 "(2) That said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 "(3) That said hardship is not the result of any prior action of the applicant and does not result primarily from the desire of the applicant to realize greater financial gain;
 "(4) That the relief to be granted is the least relief necessary.
 "(b) The zoning board of review shall, in addition to the above standards, require that evidence be entered into the record of the proceedings showing that:
 "(1) In granting a use variance the subject land or structure cannot yield any beneficial use if it is required to conform to the provisions of this chapter. Nonconforming use of neighboring land or structures in the same district and permitted use of lands or structures in an adjacent district shall not be considered in granting a use variance." Section 19-45 of the East Providence Zoning Ordinance.
The East Providence Zoning Ordinance does not specifically provide for a wood-chip recycling facility as a proposed use. See
§ 19-98 of the East Providence Zoning Ordinance. The record reveals that real estate expert James Sloan testified that there are a number of other feasible uses for the property in question. (8/9/95 Record at 210.) Furthermore, the appellants did not demonstrate that a denial of their application would result in a denial of all beneficial use of the property in question. See
8/9/95 Record. This Court's review of the entire record reveals substantial competent evidence to support the Board's decision to deny the appellants' application for a use variance and special use permit.
Appellants contend that experts testified on their behalf to eliminate the concerns of the Board members regarding noise, dust, odor, fire and traffic problems. The record reveals that the testimony of Joshua Nelson and Andrew Ferrari was contradicted by Thomas Nicholson, a licensed engineer who appeared on behalf of the intervenors. Essentially, the members of the Board were faced with a "battle of the experts" and they made a credibility-based determination in reaching their final conclusion. Upon review of the record, this Court declines to disturb that conclusion. See Lowry v. Faraone, 500 A.2d 950, 952 (R.I. 1985) (upholding factfinder's decision in spite of conflicting expert testimony where the finding was not clearly erroneous).
The record reflects that after the August 9, 1995 hearing, on a motion by a Board member, the appellants' application was submitted to the Board for approval for the following reasons:
 "1) The use is compatible with the neighboring land use;
 "2) The use does not create a nuisance;
 "3) The use does not hinder the further development of the city;
 "4) The use conforms with all the applicable sections [sic] to the use requested;
 "5) The applicant would be deprived of any beneficial use of this property if the application is required to conform to the provision of the zoning ordinance." (8/9/95 Record at 236).
Pursuant to G.L. § 45-24-57 (B)(3) and section 19-37 (f) of the East Providence Zoning Ordinance, the concurring vote of at least four members of the Board is required to grant a use variance application. In this instance, three members voted to grant the appellants' application, and two members voted to deny it. (8/9/95 Record at 230-237.) Furthermore, one of the members who voted to deny the application stated that one of his reasons for doing so was based upon real estate expert James Sloan's testimony that the use was incompatible with the neighborhood. Thus, the record demonstrates that the Board's decision is not clearly erroneous in view of the substantial, reliable and competent evidence of record.
After reviewing the entire record, this Court finds that substantial, reliable and competent evidence exists to support the August 8, 1995 decision of the East Providence Zoning Board of Review. Furthermore, this Court finds that the Board applied the appropriate ordinance provisions, and that the decision constituted a proper exercise of the Board's discretion. This Court finds that substantial rights of the appellants have not been prejudiced. Accordingly, the decision of the Board is upheld.
Counsel shall submit an appropriate judgment for entry.