GARA REALTY, INC.

v.

The ZONING BOARD OF REVIEW OF the TOWN OF SOUTH KINGS-TOWN et al.

No. 85-45-M.P.

Supreme Court of Rhode Island.

April 3, 1987.

Thomas S. Hogan, Donald J. Packer, Hogan & Hogan, East Providence, for plaintiff.

Maureen McKenna Goldberg, Pawtucket, Leonard L. Bergersen, South Kingstown, for defendant.

## OPINION

MURRAY, Justice.

This case is before the court on a writ of certiorari issued to review a Superior Court judgment affirming a decision of the Zoning Board of Review of the Town of South Kingstown. The review board denied the petitioner's application for a variance to install a sewage-disposal system closer to an intertidal waterway than is allowed under article 3, § 308 of the Zoning Ordinances of the Town of South Kingstown.

The property involved is located at Peninsula Road, Matunuck, Rhode Island, and recorded as lot No. 124, map No. 68, block 121. It is zoned R 20 under South Kingstown's zoning ordinances which permits, among other uses, construction of single-family dwellings.

The petitioner, Gara Realty, Inc., purchased the lot in 1980. Thereafter, petitioner applied to the building inspector for a building permit to construct a single-family dwelling on the lot. Because the lot size precluded the possibility of constructing a sewage-disposal system 150 feet from Potter Pond as required by article 3, § 308, of the Zoning Ordinances of the Town of South Kingstown, the building inspector denied petitioner's application.

In a letter dated February 17, 1982, the building inspector advised petitioner to ob-

tain a variance from the zoning board of review. The review board denied petitioner's request for a variance, and petitioner appealed to the Superior Court. In a bench decision rendered on November 28, 1984, the Superior Court judge affirmed the review board's decision. This petition for certiorari followed.

The petitioner presents several issues for review by this court: first, whether G.L. 1956 (1977 Reenactment) § 42–17.1–2, as amended by P.L. 1978, ch. 131, § 6, supersedes article 3, § 308, of the South Kingstown zoning ordinances; second, whether the review board applied an erroneous standard for review of petitioner's request for a variance; third, whether the decision of the review board is substantially outweighed by the evidence presented; and fourth, whether the review board violated petitioner's rights under the United States and Rhode Island Constitutions.

 In reviewing an action of a zoning review board, the Superior Court "must examine the entire record to determine whether 'substantial' evidence exists to support the board's findings." *DeStefano v. Zoning Board of Review of Warwick*, 122 R.I. 241, 245, 405 A.2d 1167, 1170 (1979). On certiorari, we determine whether competent legal evidence supports the decision of the Superior Court. *Id.*

 The petitioner argues that § 42–17.-1–2, as amended by P.L.1978, ch. 131, § 6, supersedes article 3, § 308, of the South Kingstown zoning ordinances as a matter of law. Section 308(B) of the zoning ordinances provides that:

"No disposal trench, disposal bed, cesspool, seepage pit or other facility designed to leach liquid wastes into the soil shall be located within 150 feet of an intertidal salt marsh or within 150 feet of the line of mean high water of any tidal water body as defined in regulations adopted by the Coastal Resources Management Council of the State of Rhode Island and subsequent amendments thereto."

Public Laws 1978, ch. 131, § 6 provides in part that it is the prerogative of the director of environmental management, "to

establish minimum standards, subject to the approval of the environmental standards board, relating to the location, design, construction and maintenance of all sewage disposal systems." The Department of Environmental Management Rules and Regulations Establishing Minimum Standards Relating to Location, Design, Construction, and Maintenance of Individual Sewage Disposal Systems, SD 2.16 (1980), provides for separate approval of "individual sewage disposal systems that are located within fifty (50) feet of a marsh, swamp, bog or pond."

The petitioner contends that the state provisions conflict with § 308, rendering it inoperative. The petitioner relies on *Wood v. Peckham*, 80 R.I. 479, 98 A.2d 669 (1953), for the proposition that where the State Legislature has sought to regulate a particular area, a municipality cannot regulate the same conduct.

The petitioner's reliance on *Wood* is misplaced. Regulation SD 2.16 merely sets forth "minimum" requirements for the construction of septic systems which are to be located on property adjacent to an intertidal waterway. Clearly the intent of chapter 131 was to grant municipalities the option of providing additional restrictions concerning the construction of individual waste-water facilities. It was, therefore, the prerogative of the town of South Kingstown to create more restrictive requirements, such as the 150–foot setback regulation set forth in § 308. Consequently, we affirm the decision of the trial court upholding the validity of § 308.

The petitioner next argues that the trial court erred in holding that it had the burden of proving "unnecessary hardship" in order to obtain the variance. We agree.

 In order to determine whether petitioner sustained its burden of proof before the zoning review board, it is necessary to determine what is the appropriate standard of proof. The burden is dependent upon the nature of the relief sought. We have previously distinguished between three types of relief which are commonly avail-

able in certain circumstances. They are a variance, a deviation, and an exception.

■ When a landowner seeks to use the land for a purpose not ordinarily permitted, a variance must first be obtained. To obtain a variance, one must satisfy the "unnecessary hardship" standard of G.L.1956 (1980 Reenactment) § 45–24–19(c), which requires "a showing of deprivation of all beneficial use of property * * *." *Rozes v. Smith*, 120 R.I. 515, 519, 388 A.2d 816, 819 (1978). "[T]his standard is to be applied only to 'true variances' or those situations in which the proposed use of the property varies from any of the uses permitted under the ordinance." *Id.*

■ A deviation defines the type of relief available from restrictions governing a permitted use, such as area or setback restrictions. *DeStefano*, 122 R.I. at 246, 405 A.2d at 1170. To obtain relief, one "need only demonstrate an adverse impact amounting to more than a mere inconvenience." *Id.* This standard was first enunciated in *Viti v. Zoning Board of Review of Providence*, 92 R.I. 59, 166 A.2d 211 (1960), and is known as the *Viti* doctrine.

■ An exception is similar to a deviation in that it pertains to requested relaxation of area and setback requirements for a permitted use. In order to obtain an exception, one "need show only that 'neither the proposed use *nor its location on the site* would have a detrimental effect upon public health, safety, welfare and morals.' " *Toohey v. Kilday*, 415 A.2d 732, 736 (R.I. 1980) (quoting *Hester v. Timothy*, 108 R.I. 376, 385–86, 275 A.2d 637, 641–42 (1971)).

■ The type of relief sought in the case at bar is more akin to a deviation than to a true variance. This is because petitioner seeks relief from a setback requirement of a permitted use. The property is zoned for single-family dwellings. The petitioner seeks to build a single-family dwelling on the lot. Certainly the zoning board envisioned waste-water facilities as an accompanying permitted use on property zoned

residential. Therefore, petitioner was not required to demonstrate total deprivation of all beneficial use of the land in order to obtain relief. *Reynolds v. Zoning Board of Review of Lincoln*, 96 R.I. 340, 191 A.2d 350 (1963). Rather, petitioner needed only to demonstrate "that the effect of such enforcement [would] amount to something more than a mere inconvenience." *Rozes v. Smith*, 120 R.I. at 519, 388 A.2d at 819.

■ Clearly petitioner has met its burden of proof. The construction of any single-family dwelling requires an accompanying means of sewage disposal. Because § 308 totally bars placement of such facilities on the premises at issue, enforcement of the ordinance effectively operates to preclude petitioner from building a house. We believe that this deprivation amounts to more than a mere inconvenience as a matter of law. We therefore believe that the trial court erred in denying petitioner relief.[1]

For these reasons we need not address the other issues raised in the petitioner's brief.

The petition for certiorari is granted, the decision of the Superior Court is quashed, and the case is remanded with instructions to grant the petitioner's request for a variance.

---

1. Nothing herein should be construed to preclude the necessity on the part of the applicant

to meet state sanitary standards.