[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Before the Court is an appeal by David Paquette (plaintiff) from a June 6, 1990, decision of the Town of Coventry Zoning Board of Review (the Board) granting permission to Kenneth and Gerald Jarbeau (the applicants) to create two buildable lots which failed to meet the applicable minimum frontage requirement. Jurisdiction in this Superior Court is pursuant to R.I.G.L. 1956 (1988 Reenactment) § 45-24-20.
The subject property (the parcel) is a 5.2 acre vacant lot designated as lot number 83 of Coventry Tax Assessor's Plat 42. It is located at pole number twenty-five (25), Tara Brook Lane in Coventry, R.I. The applicants requested permission from the zoning board to subdivide the parcel into two lots and build two single family dwellings. As such a division would result in the newly created lots having only 150 feet of frontage they sought relief from a Coventry ordinance requiring a minimum frontage of 225 feet.
At a June 6, 1990 hearing before the Board Kenneth Jarbeau testified that the parcel belonged to his grandmother who wished to give the land to Mr. Jarbeau and his father. Gerald Jarbeau (presumably Kenneth's father) testified that he had been trying for years to persuade his mother to sell the land to him but she refused. He said she subsequently decided to make a gift of it to him. The plaintiff appeared at the hearing to object and requested that the reason for hardship to the applicants, absent the requested relief, be read from the application. Although the record reflects that that portion was read it does not reflect its contents.
However, a review of the application which is a part of the record reveals that the hardship (which would result from conformance with the ordinance) was stated as:
 "1. It would be financially feasable (sic) to our families to divide the property and build as two lots. No adverse effect on surrounding properties.
 2. Without a variance lot will be unbuildable because there is no frontage on a town road."
In a decision dated August 6, 1990, the Board voted to grant the application. However, the application was granted with a stipulation that the Jarbeaus secure the approval of the Coventry Planning Commission prior to the issuance of building permits for the two (2) proposed dwellings. In its decision, the Board stated
 that the granting of the petition would not permanently nor substantially injure the appropriate use of the surrounding area; and, that the granting of the petition would not be inimical to the health, safety, morals, and welfare of the community.
In reviewing a zoning board decision this Court is constrained by R.I.G.L. 1956 (1988 Reenactment) § 45-24-20(d), which provides in pertinent part as follows:
 45-24-20. Appeals to Superior Court
 (d) The court shall not substitute its judgment for that of the zoning board as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are: (1) in violation of constitutional, statutory or ordinance provisions; (2) in excess of the authority granted to the zoning board by statute or ordinance; (3) made upon unlawful procedure; (4) affected by other error of law; (5) clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
The court ". . . is not empowered to substitute its judgment for that of the zoning board if it can conscientiously find that the Board's decision was supported by substantial evidence in the whole record." Apostolou v. Genovesi, 120 R.I. 501, 505,388 A.2d 821, 825 (1978). The Rhode Island Supreme Court has defined "substantial evidence" as "more than a scintilla but less than a preponderance." Id. Additionally, the term encompasses "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.
Plaintiff herein contends that the Board's decision granting the application should be reversed for lack of substantial evidence in the record. Specifically, plaintiff argues that no evidence was presented to the Board which established the requisite "unnecessary hardship."
The Board contends that it was satisfied that hardship was proven by the applicants and thus, the granting of a variance was appropriate.
Although the parties in this matter have utilized the term "variance" with reference to the application, the form of relief being sought before the Board is more precisely termed a "deviation." A "true" variance is when the relief sought is to use the land for a use not permitted under the applicable zoning ordinance. A deviation, by contrast, is relief from restrictions governing a permitted use. Felicio v. Fleury, 557 A.2d 480
(R.I. 1989). The purpose of granting a variance, i.e., a departure from the terms of an ordinance, is to preclude confiscation of property. Kraemer v. Zoning Bd. of Review,
20 A.2d 643 (R.I. 1964).
Therefore, a landowner seeking a true variance is required to demonstrate that without the relief he or she would be deprived of all beneficial use of the property. Gara Realty, Inc. v.Zoning Bd. of Review of Town of So. Kingstown, 523 A.2d 855
(R.I. 1987). An individual seeking a deviation is only required to demonstrate something more than a mere inconvenience. Id.
The standard of "more than a mere inconvenience" has been interpreted to mean that an applicant must show that the relief being sought is reasonably necessary for the full enjoyment of the permitted use. DiDonato v. Zoning Bd. of Review ofJohnston, 142 A.2d 416 (R.I. 1968).
The very sparse record in the proceedings before the Board is utterly devoid of any evidence upon which one could conclude that the applicants had satisfied the appropriate burden of proof. This court cannot "conscientiously find that the Board's decision was supported by substantial evidence" because there is no evidence on the pertinent item required to be proven.
The court is compelled to find the Board's ruling clearly erroneous and thus it is reversed.
Counsel shall prepare an appropriate order for entry.