[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision of the Zoning Board of Review of the City of Providence (Board). Jurisdiction in this Superior Court is pursuant to G.L. 1956 (1991 Reenactment) §45-24-20, as amended.
Facts/Travel
Shango Investments, Inc. (Shango) is the owner of a parcel of land improved by a four story brick building, located in the City of Providence, and designated as lot No. 29 on tax assessor's plat No. 33 and lot Nos. 564 and 706 on tax assessor's plat No. 65. The property in question is located in an M-1 Industrial District that according to the Providence Zoning Ordinance prohibits residential use over 200 feet from abutting residential zones (Section 303 (1.0) (14) (footnote 1)) and requires a six foot setback from interior lot lines (Section 305.1 (footnote 9)).
In an application for variation under the zoning ordinance submitted to the Board and dated July 13, 1992, Shango sought relief from these two restrictions in connection with a proposal to convert up to twenty-one (21) commercial artists' lofts on the second, third, and fourth floors of the building where the occupants would both live and work. In the application, Shango described the present use of property as permitted M-1 uses (jewelry manufacturing and the like), which uses would continue on the first floor.
The members of the Board made an inspection of the above-described premises and the surrounding properties in the neighborhood and on December 8, 1992 held a duly publicized hearing on the application. At this hearing Shango presented a real estate expert and an expert on traffic engineering. In addition to testifying and submitting written reports on behalf of Shango, these witnesses were cross-examined by counsel for the objectors and examined by the Board.
By resolution No. 7610 dated January 5, 1993 the Board reviewed the testimony elicited at the hearing and made several findings of fact upon which the Board based its denial of applicant's request for relief. Shango now appeals from this decision.
Standard of Review
R.I.G.L. 1956 (1991 Reenactment) § 45-24-20 as amended governs this Court's review of municipal zoning decisions and reads, in pertinent part, as follows:
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, interferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error or law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
With this standard and scope of review in mind, the Court now proceeds to the three issues raised by applicant.
Loss of All Beneficial Use
Under G.L. 1956 (1993 Reenactment) § 45-24-41 (D) (1) and Section 904.2 of the Providence Zoning Ordinance, before the Board may grant a use variance an applicant must show that strict conformance to the zoning ordinance would result in a loss of all beneficial use of the property in question. Shango argues that this standard was met by the unequivocal written conclusion of the real estate expert and it was improper for the Board to conclude otherwise by relying on the same expert's oral testimony to the extent that it was contrary to this conclusion. The Court need not dwell on this issue since it is clear from the record that Shango currently enjoys a beneficial use of the subject property.
In its application for a variance Shango indicated that the present use of the property is M-1 uses including jewelry manufacturing and the like. The resolution of the Board indicated that the denial of the variance application would not affect the ability of Shango to continue such permitted uses. Thus, the applicant currently enjoys a beneficial use of the subject property and the denial of applicant's request for relief does not result in the loss of this beneficial use of the property. The Court should point out that the general laws clearly state that "[t]he fact that a use may be more profitable or that a structure may be more valuable after the relief is granted shall not be grounds for relief." G.L. 1956 (1993 Reenactment) §45-24-41(D), as amended. Accordingly, the Board did not err in finding that Shango had not met its burden of proving loss of all beneficial use.
Dimension or Use Variance
After arguing that the standard for a use variance had been satisfied, Shango next contends that this standard does not apply to the requested relief. Specifically, Shango argues that the proper standard applicable to the request for relief from the use restriction appearing at Section 303 (1.0) (footnote 1) in the Providence Zoning Ordinance which prohibits residential use outside 200 feet from abutting residential zones is the standard for a dimensional rather than a use variance. This Court disagrees.
It is undisputed that applicant's parcel lies beyond 200 feet from abutting residential zones. Footnote one to section 303 (1.0) (14) states that in an M-1 district, a multi-family dwelling use is "permitted by special exception only within 200 feet of abutting residential zones" and is "not permitted over 200 feet from abutting residential zones." Shango argues that the 200 foot limit is a dimensional restriction and as such is subject to the standard for a dimensional variance. This standard requires that the denial of the requested relief amount to more than a mere inconvenience and presents a lower hurdle for landowners than does the standard for a use variance which requires loss of all beneficial use. G.L. 1956 (1993 Amendment) § 45-24-91(D) (2).
Although this Court recognizes that the distinction between dimensional and use variances is sometimes murky, in requesting relief from the 200 foot limit Shango sought to devote the subject property to a use clearly prohibited under the ordinance. Our Supreme Court has stated that "when a landowner seeks to use the land for a purpose not ordinarily permitted, a variance must first be obtained." Gara Realty, Inc. v. Zoning Board of Reviewof the Town of South Kingston, 523 A.2d 855, 858 (R.I. 1987). On the other hand, "a deviation defines the type of relief available from restrictions governing a permitted use, such as area or setback restrictions." Id. (citation omitted). This Court should point out that the term "deviation" has the same meaning as that of "dimensional variance" and the two expressions may be used interchangeably.
It is clear to this Court that the 200 foot limit at issue here circumscribes the locations where residential uses are permitted and is not merely a restriction governing an otherwise permitted use. In this sense the 200 foot limit is akin to the boundaries which delineate the various districts and bears little or no resemblance to a restriction in the nature of a setback or area restriction. Were the Court to accept Shango's reasoning on this issue all proposed residential use would be subject to the dimensional variance standard since an owner of a lot located anywhere in Providence could simply measure the distance from the lot to the nearest abutting residential zone and cast the issue in terms of whether such a "dimensional" variance from the 200 foot limit should be granted. Shango's property is located where residential use is explicitly prohibited by the Ordinance and thus the Board properly applied the use variance standard.
Interestingly, an examination of the application for variance submitted to the Board reveals that Shango's position to this Court advocating the deviation standard as appropriate belies the position taken by the applicant before the Board as indicated by the following language which appeared in a supplemental answer to question 21 of the application: "As residential use in the M-1 zone is not permitted over 200 feet from an abutting residential zone, the applicant seeks a use variance for this request together with a dimensional variance for the six foot setback requirements from interior lot homes." (emphasis added). Accordingly, it should have been no surprise to Shango that the Board applied the use variance standard to relief requested regarding the 200 foot limit. It should be added that the Board's denial of the use variance request rendered the deviation variance request regarding the setback restriction moot.
Lastly, Shango contends that the alleged errors committed by the Board are not harmless, and constitute a fundamental denial of due process. This contention rests on the ground that errors by the Board were in fact committed. Since this Court finds no such error this third contention must fail.
A review of the entire record certified to this Court indicates that the Board had before it substantial evidence upon which to base its denial of Shango's request for relief. In light of the standard of review as cited above, this Court finds no error by the Board and thus no substantial rights of appellant Shango have been prejudiced. Accordingly, Shango's appeal is denied and dismissed.
Counsel will prepare and submit an appropriate judgment for entry by the Court within ten (10) days.