DECISION
This is an appeal from a decision of the Zoning Board of Review of the town of Coventry. The Johnson's Pond Civic Association and two neighbors, Harry Masiello and Thomas Leprey, appeal from the decisions of the Board of Review granting the applications of Betty Jane Northup Owen for special exceptions. Jurisdiction is pursuant to G.L. 1956 (1991 Reenactment) §45-24-69.
Facts/Travel
Betty Jane Northup Owen (appellee) is the owner of a parcel of real estate located on Northup Road in Coventry, Rhode Island, specifically referred to as Assessor's plat 17, lot 59; Assessor's Plat 17, lot 61; Assessor's Plat 25, Lot 14.10; Assessor's Plat 25, Lot 14.11; Assessor's Plat 25, Lot 14.12; and Assessor's Plat 25, Lot 14.13. Each lot is zoned RR-2 which means they are situated in a rural, residential district as defined by the Zoning Ordinance of the town of Coventry. Furthermore each lot is subject to Article IX, § 924 of the zoning ordinances. Article IX sets forth the criteria for special exceptions concerning leased land and seasonal housing, which includes Northup plat as specifically identified in said ordinance.
In February of 1991, the Board of Review granted the appellee a special exception for the entire subject parcel. This special exception, according to Article IX, § 924 of the Coventry Zoning Ordinance, allowed the appellee to establish a plan of the land she owned, laying out streets and lots as to the leased portion of the land. The special exception also provided in pertinent part:
 The applicants shall apply to the Coventry Zoning Board in the future as to each individual lot on this survey to enable the Zoning Board to further determine whether or not a special exception shall be granted by them as to each individual lot pursuant to the terms and conditions of Article 9, Section 924 of the Coventry Zoning Ordinance. (Decision of the Zoning Board of Review February 12, 1991).
No appeal of this decision was taken. The appellee thereafter established a plan of the land. After spending approximately $100,000 on the engineering, water design, and septic design of the various lots, she applied for a special exception for each lot as was directed in the February, 1991 decision of the Zoning Board of Review. (Record at 360).
Specifically, in each application the appellee requested relief in accordance with Article IX, Section 924 of the Coventry Zoning Ordinance that would allow her to remodel and improve an existing seasonal home located on leased land for use as a year-round unit. The pertinent part of the ordinance that allows for special exceptions states the following:
 No new housing units shall be constructed on leased land. Seasonal units shall not be converted to year-round units; year-round units shall not be enlarged or added onto and no accessory structures shall be built unless they adhere to all the requirements of this section and receive a special exception from the board. Structures damaged by fire must adhere to the requirements of Article 8, nonconforming uses. Article 9, § 924 (a) (1) of the Code of Ordinances of the Town of Coventry.
On September 2, 1992, at a properly advertised, scheduled hearing on said applications, the Coventry Zoning Board of Review heard testimony concerning the issue of the extent of what the appellee's described as "remodelling." In determining whether the appellee's plans to remodel and add on to certain specified homes in order to make them year round were so extensive as to fall into the category of "new construction" rather than "remodelling," the board heard testimony from Kirk Andrews, a licensed engineer in the State of Rhode Island. He testified that one of the subject foundations is an existing one which is currently one-hundred and thirty feet from the water. (Record at 360). The Board also heard testimony from Betty Jane Owen, who testified that her father collected rent on the already existing unit for about 30 years indicating that the subject structure has been a rental unit. (Record at 362).
Several people also testified in opposition to the applications for the special exceptions. Gail Groves, a resident of Coventry, asked if the buildings on lot 7 were sheds that were never lived in, although she conceded in her question that she may have been wrong in her assumption. (Record at 361). When Linda Masiello voiced her concern about the description of two structure as cabins, Mr. Robert Grove, a member of the Board of Review addressed her concern by agreeing that the Board needed to look at the two structures in question. (Record at 363).
Following the hearing, the Board, upon its determination that the proposed use was remodelling, voted four to one to approve each of the requests for special exceptions with certain stipulations in each approved application. The decisions issued on October 23, 1992, made findings that each application provided for a remodeled structure that will be in general compatibility with the other homes in the area and is compatible with the master plan of the Town of Coventry. Appellants filed a timely appeal to this Court asserting that the Board's decisions were arbitrary and capricious as their conclusions were not based upon substantial evidence to support the granting of the special exceptions. The appellants further contend that the Board made insufficient findings of fact to support its decisions to grant the special exceptions.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D) which provides:
 45-24-69. Appeals to Superior Court
 (D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions; (2) In excess of the authority granted to the zoning board of review by statute or ordinance; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative and substantial evidence of the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
When reviewing a decision of a zoning board, a Justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). On review, the Supreme Court examines the record to determine whether "competent evidence" supports the Superior Court judge's decision. R.J.E.P.Associates v. Hellewell, 560 A.2d 353, 354 (R.I. 1989).
A special exception is relief expressly allowed by the applicable zoning ordinance that is similar in nature to a deviation in that it generally pertains to area and setback requirements. Gara Realty Inc., v. the Zoning Board of Review ofthe Town of South Kingston, 523 A.2d 855, 858 (R.I. 1987). However, unlike a deviation which pertains to a permitted use, a special exception involves a conditionally permitted use. SeeNortheastern Corporation v. Zoning Board of Review of the Town ofNew Shoreham, 534 A.2d 603, 604 (R.I. 1987). Essentially, an applicant needs to demonstrate that "'neither the proposed use nor its location on the site would have a detrimental effect upon public health, safety, welfare and morals.'" Toohey v. Kilday,415 A.2d 732, 736 (R.I. 1980) (quoting Hester v. Timothy,108 R.I. 376, 385-86, 275 A.2d 637, 641-42 (1971)).
The appellants contend that the appellee did not present any substantial evidence with respect to the fact that the proposed use would be in harmony with the character of the neighborhood; however, the record reveals otherwise. In finding that the subject proposals will enhance existing structures and will be in general compatibility with the other homes in the area, as well as compatible with the Master Plan of the town of Coventry, the Board relied on the following information. Each approved application provided for a new or improved septic system to conform with state regulations. (See Proposed Site Alterations for Assessor' Plat 17, Lot 59 Recorded Lot 6; Proposed Site Alterations for Assessor's Plat 17, Lot 61 Recorded Lot 8). Each application also provided for public water service. (See Proposed Site Alterations for Assessor's Plat 17, Lot 59, Recorded Lot 6; Proposed Site Alterations for Assessor's Plat 17, Lot 61, Recorded Lot 8). Furthermore, our Supreme Court has stated that information in the application and on the plot plans constitutes competent evidence from which a zoning board could make a decision. Gardiner v. Zoning Board of Review, 101 R.I. 681, 690,226 A.2d 698, 702 (1967). The Board had before it ample information in the application and plot plans to find that the proposed remodelling was in general compatibility with other homes in the area. After reviewing the record, this Court finds that the Board of Review's decisions to grant the special exceptions for the remodelling of existing structures were based upon substantial evidence.
Appellants further contend that the Board made insufficient findings of fact to support its decisions to grant the special exceptions. However, in each decision granting a special exception pursuant to Article IX, section 924 of the Coventry Zoning Ordinances the Board made specific findings concerning the proposed use that demonstrate that the proposed use would not have a detrimental effect upon public health, safety, welfare and morals. Toohey v. Kilday, 415 A.2d 732, 736 (R.I. 1980). Although it is a well-settled rule that zoning boards should set forth the grounds for their decisions, the Rhode Island Supreme Court has stated that courts should not subject the parties to such delay and inconvenience where they were able to satisfy themselves from the record that the Board's decision was either correct or erroneous regardless of the failure to give the grounds for their decision. Richard v. Zoning Board of Revie of the City ofProvidence, 100 R.I. 212, 219-20, 213 A.2d 814, 818 (1965). For example, in each application the board found that trash storage presented no particular problem and that the utilities are compatible with the adjoining structures in Northup Plat. (Record at 374, 376, 378, and 382). Furthermore, in each approved application for a special exception pursuant to Article IX, § 924 of the Coventry Zoning Ordinances the Board provided precise stipulations. For example, in some decisions the board approved the application with the stipulation "that the foundation of the existing structure shall be replaced with a full standard code foundation." (Record at 375 and 377). In another approved application the Board provided a stipulation "that prior to the issuance of a building permit the petitioner shall widen the right of way to 24 feet from Hill Farm Road to a point passed the subject lot and provide a cul de sac for the turnaround of emergency apparatus." (Record at 375). Thus, the record is replete with the findings and stipulations made by the Board of Review.
After reviewing the entire record, this Court finds that there is substantial, reliable, and probative evidence supporting the Board's decisions. Accordingly, the October 23, 1992 decisions of the Coventry Zoning Board of Review are hereby affirmed.
Counsel shall submit the appropriate order for entry.