DECISION
This case is before the Court on appeal from a decision of the City of Warwick Zoning Board of Review (hereinafter referred to as the Zoning Board) pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69. The appellants, James Bailey and Joseph Bailey, hereby seek reversal of the Zoning Board's decision made on January 23, 1996, and filed on February 22, 1996, which denied their application for dimensional relief. Before the Court are (i) the certified record on appeal, including the Zoning Board's decision, exhibits, and transcript of the hearing held on January 23, 1996, and (ii) the memorandum of appellants' counsel.[1]
FACTS/TRAVEL
The appellants are the owners of a vacant 4000 square foot rectangular lot, specifically referred to as assessor's plat number 363, lot number 273, located on Kelley Avenue in Warwick, Rhode Island. See October 1995 Application and Exhibit A1. Said property is located in an A-7 zone which, pursuant to the Warwick Zoning Ordinance, permits a single-family dwelling. The Ordinance also prescribes that a minimum lot size of 7000 square feet is required to construct a single-family dwelling. In addition, the Ordinance provides that for corner lots, the required frontage and width shall be necessary only on one street provided that the second street frontage maintains 80% of the frontage requirement.See Table 2A, n.4. Furthermore, on corner lots, the rear setbacks shall conform to the side-yard setback requirements.See Table 2A, n.5.
In October of 1995, the appellants applied to the Zoning Board for a dimensional variance seeking relief from the frontage and width requirements of the Ordinance. See October 1995 Application. On January 25, 1996, at a properly advertised, scheduled hearing, the Zoning Board heard testimony regarding said application. Testifying on behalf of the applicants were Francis J. McCabe, a recognized real estate expert, and Scott Moorehead, an engineering expert. On behalf of the remonstrants, the Zoning Board heard from Alfred Gemma, a city councilman from Ward 7 in Warwick, although the record reveals that the property in question is actually located in Ward 6. (1/25/96 Record at 1). The Zoning Board also heard from members of the community who objected to the application. At the conclusion of the hearing, the Zoning Board voted to deny the application for dimensional relief. (1/25/96 Record at 15).
The appellants have since filed a timely appeal to this Court seeking a reversal of the Zoning Board's decision based upon the lack of substantial evidence in the record as a whole.
STANDARD OF REVIEW
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association ofFire Fighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521
(1977)).
THE VARIANCE STANDARDS
The Rhode Island Supreme Court distinguished a true variance from a deviation in Bamber v. Zoning Board of Review,591 A.2d 1220 (R.I. 1991). The Court explained:
 "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance. . . . A petitioner seeking a true variance must satisfy the `unnecessary hardship' standard of G.L. 1956 (1991 Reenactment) § 45-24-19(c), which requires a showing of deprivation of all beneficial use of property.
 "A deviation is relief from the restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements. . . . A petitioner seeking a deviation need show only an adverse impact amounting to more than a mere inconvenience." Bamber, 591 A.2d at 1223 (citing Felicio v. Fleury, 557 A.2d 480 (R.I. 1989); Gara Realty v. Zoning Board of Review, 523 A.2d 855
(R.I. 1987); DeStefano v. Zoning Board of Review, 405 A.2d 1167 (1979)).
The Viti doctrine as it has developed in Rhode Island case law has applied exclusively to area restrictions on permitted uses.Bamber, 591 A.2d at 1223. The Viti doctrine does not apply to uses which are prohibited by the zoning ordinance. In order to gain relief from a prohibited use, a party must seek a "true" variance. Id.
In the case at bar, the appellants desire to construct a single-family residence on the subject property. The construction of a single-family dwelling is permitted in an A-7 zone, though said use is conditioned upon the applicants satisfying the dimensional regulations set forth in Table 2A. Thus, the appellants properly sought a deviation, also known as a Viti or dimensional variance, and consequently, the appellants' threshold burden before the Zoning Board was to demonstrate that denial of the requested relief would constitute an adverse impact amounting to more than a mere inconvenience. Bamber, 591 A.2d at 1223.
The appellants herein assert that the Zoning Board's decision denying them their requested relief was not supported by competent evidence and was clearly erroneous in view of the reliable, probative, and substantial evidence of record. Indeed, an examination of the entire record clearly reveals that appellants had satisfied their requisite burden of demonstrating to the Board that they would suffer more than a mere inconvenience if the requested relief were not granted. Seeid. Francis J. McCabe, a recognized real estate expert, testified that in his judgment, the relief sought was necessary for a minimum-size house. (1/25/96 Record at 4). The Zoning Board also had before it the unrebutted testimony of Scott Moorehead, the engineering expert, who testified as to traffic conditions. Moreover, it has been held that information in the application and on the plot plans constitutes competent evidence from which a zoning board could make a decision. Gardiner v. Zoning Board ofReview, 101 R.I. 681, 690, 226 A.2d 698, 702 (1967). In the instant case, the information in the application and the plot plan demonstrates the need for a variance; it provides the dimensions and area of the lot, as well as the proposed size of the house, evidencing that the applicants sought the least amount of relief necessary. See October 1995 Application. In essence, the evidence of record indicates that a literal adherence to the zoning ordinance would effectively preclude the applicants from building a house on the proposed lot. See 1/25/96 Record and Appellants' Appendix.
Relying upon Hopf v. Board of Review of the City ofNewport, 102 R.I. 275, 230 A.2d 420 (1967), appellants also contend that the Zoning Board made insufficient findings to support its decision. See Hopf, 102 R.I. at 288, 230 A.2d at 428 (noting that zoning boards will be reversed if the reviewing court is unable to ascertain sufficient grounds for their decisions). Appellants assert that the record herein is defective because the Zoning Board failed to pinpoint specific evidence upon which their decision was based. While the Zoning Board's decision does lack specific findings of fact, this argument is flawed. The Hopf case expressly limits the above-mentioned rule to cases where evidence is in conflict.[2] Id. In the case at bar, the evidence of record is undisputed; Francis J. McCabe's testimony was, in effect, unrebutted. It is a well-settled principle of law that lay judgments of neighboring property owners on the issue of the effect of the proposed use have no probative force in respect to an application before the zoning board of review. Salve Regina College v. Zoning Board of Reviewof the City of Newport, 594 A.2d 878, 882 (R.I. 1991). Accordingly, appellants' reliance on Hopf is misplaced.
At any rate, this Court finds that the February 22, 1996 decision of the Zoning Board was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; substantial rights of the appellants have been prejudiced. As a result, the decision of the Warwick Zoning Board of Review is hereby reversed.
Counsel for the prevailing party shall submit an appropriate judgment for entry.
[1] On October 28, 1996, this Court granted appellants' motion to assign the case for decision without briefing by appellee.See Order of October 31, 1996.
[2] Nevertheless, this Court is mindful of the rule that zoning boards must set forth in their decisions findings of fact and reasons for the actions taken. See The Irish Partnership v.Rommel, 518 A.2d 356, 358 (R.I. 1986) (citations omitted).