DECISION
This case is before the Court on appeal from a decision of the City of Warwick Zoning Board of Review (hereinafter referred to as the Zoning Board) pursuant to G.L. 1956 (1991 Reenactment) § 45-24-69. The appellants, Edward J. Smith and Harold Smith, are appealing the Zoning Board's April 19, 1995 decision denying their request for dimensional variances for an undersized lot. Before this Court are (i) the certified record on appeal, including the Zoning Board's decision, exhibits, and transcript from the hearing held on February 14, 1995, and (ii) the memorandum of appellant's counsel.[1]
FACTS/TRAVEL
The appellants are the owners of the subject property, presently a vacant 3,200 square foot lot, specifically referred to as Assessor's Plat 368, Lot 79, located at the intersection of Bakers Creek Road and Brighton Avenue in Warwick, Rhode Island. Said property is located in an A-7 zone which, pursuant to the Warwick Zoning Ordinance, allows a single-family dwelling. See
Table 2A, App. 26. The Warwick Zoning Ordinance also provides that corner lots shall be deemed to have a front lot line on each street the property abuts; however, the rear setbacks for corner lots need to comply with the side-yard setback requirements.See § 200.96(a), Table 2A, n.5, App. 24, 26. Section 300, Table 2A also mandates that a minimum lot area of seven thousand (7,000) square feet is necessary to construct a single-family dwelling in an A-7 zone.
On August 10, 1994, the appellants applied to the Zoning Board for dimensional variances in order to construct a 24 ft. x 30 ft. single-family residence on their vacant lot. See Exhibit A. Specifically, the application requested relief from Table 2, Dimensional Regulations under § 904.2 and § 904.3 of the Warwick Zoning Ordinance. On February 14, 1995, at a properly advertised, scheduled hearing, the Zoning Board heard testimony regarding said application. The Zoning Board first heard from Francis J. McCabe, a recognized real estate expert who testified on behalf of the applicants. (2/14/95 Record at 1-2). Mr. McCabe testified that without the requested relief, the applicants would suffer more than a mere inconvenience. Id. The Zoning Board also heard from several other members of the community who objected to the application. At the conclusion of the hearing, the Zoning Board voted to deny the requested variances. See 2/14/95 Record.
The appellants have since filed a timely appeal to this Court asserting that the Zoning Board's decision to deny the requested relief is not supported by competent evidence. The appellants further contend that the decision of the Zoning Board is clearly erroneous in view of the reliable, probative, and substantial evidence of record.
STANDARD OF REVIEW
Superior court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69(D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence.Apostolou v. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association ofFire Fighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521
(1977)).
THE VARIANCE STANDARDS
The Rhode Island Supreme Court distinguished a true variance from a deviation in Bamber v. Zoning Board of Review,591 A.2d 1220 (R.I. 1991). The Court explained:
 "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance. . . . A petitioner seeking a true variance must satisfy the `unnecessary hardship' standard of G.L. 1956 (1991 Reenactment) § 45-24-19(c), which requires a showing of deprivation of all beneficial use of property.
 "A deviation is relief from the restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements. . . . A petitioner seeking a deviation need show only an adverse impact amounting to more than a mere inconvenience." Bamber, 591 A.2d at 1223 (citing Felicio v. Fleury, 557 A.2d 480 (R.I. 1989); Gara Realty v. Zoning Board of Review, 523 A.2d 855
(R.I. 1987); DeStefano v. Zoning Board of Review, 405 A.2d 1167 (1979)).
The Viti doctrine as it has developed in Rhode Island case law has applied exclusively to area restrictions on permitted uses.Bamber, 591 A.2d at 1223. The Viti doctrine does not apply to uses which are prohibited by the zoning ordinance. In order to gain relief from a prohibited use, a party must seek a "true" variance. Id.
In the case at bar, the appellants desire to construct a single-family residence on the subject property. The construction of a single-family dwelling is permitted in an A-7 zone, though said use is conditioned upon the applicant's satisfying the dimensional regulations set forth in Table 2A. Thus, the appellants properly sought a deviation, also known as a Viti or dimensional variance, and hence, the appellants' threshold burden before the Board was to demonstrate that denial of the requested relief would constitute an adverse impact amounting to more than a mere inconvenience. Bamber, 591 A.2d at 1223.
The appellants herein assert that the Zoning Board's denial of the requested Viti variances was not supported by competent evidence and was clearly erroneous in view of the reliable, probative, and substantial evidence of record. Indeed, an examination of the entire record clearly reveals that appellants have satisfied their requisite burden of demonstrating to the Zoning Board that they would suffer "more than a mere inconvenience" if the aforementioned relief sought was not granted. See id. Francis J. McCabe, a recognized real estate expert, testified that without the requested relief, the applicants would suffer more than a mere inconvenience. (2/14/95 Record at 5). Furthermore, it has been held that information in the application and on the plot plans constitutes competent evidence from which a zoning board could make a decision.Gardiner v. Zoning Board of Review, 101 R.I. 681, 690,226 A.2d 698, 702 (1967). In the instant case, the information in the application and the plot plan demonstrates the need for a variance; it provides the dimensions and area of the undersized lot, as well as the proposed size of the house. In essence, the evidence of record indicates that a literal adherence to the zoning ordinance would effectively preclude the applicants from building a house on the proposed lot. See 2/14/95 Record and Appellants' Appendix.
Relying upon Hopf v. Board of Review of the City ofNewport, 102 R.I. 275, 230 A.2d 420 (1967), appellants also contend that the Zoning Board made insufficient findings to support its decision. See Hopf, 102 R.I. at 288, 230 A.2d at 428 (noting that zoning boards will be reversed if the reviewing court is unable to ascertain sufficient grounds for their decisions). Appellants assert that the record herein is defective because the Zoning Board failed to pinpoint specific evidence upon which its decision was based. While the Zoning Board's decision does lack specific findings of fact, this argument is flawed. The Hopf case expressly limits the above-mentioned rule to cases where evidence is in conflict. Id. at 428. In the case at bar, the evidence of record is undisputed; Francis J. McCabe's testimony was, in effect, unrebutted. It is a well-settled principle of law that lay judgments of neighboring property owners on the issue of the effect of the proposed use have no probative force in respect to an application to the zoning board of review. Salve Regina College v. Zoning Board of Review of theCity of Newport, 594 A.2d 878, 882 (R.I. 1991). Accordingly, appellants' reliance on Hopf is misplaced.
At any rate, this Court finds that the April 19, 1995 decision of the Zoning Board was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; substantial rights of the appellants have been prejudiced. As a result, the decision of the Warwick Zoning Board of Review is hereby reversed.
Counsel for the prevailing party shall submit an appropriate judgment for entry.
[1] On February 10, 1997, appellants' motion to strike appellee's memorandum of law was granted unopposed.