DECISION
This is an appeal from a decision of the Zoning Board of Review of the City of Cranston (Board). Joseph Montecalvo and Christine Montecalvo (appellants) seek reversal of the Board's decision of January 10, 1996. In its decision, the Board denied the appellants' request to construct a single-family dwelling on an undersized lot with restricted street frontage. Jurisdiction in this court is pursuant to G.L. S 45-24-69.
Facts/Travel
The appellants are the owners of the subject property, presently a vacant 4,400 square-foot lot, specifically referred to as Lots 662 and 663 on Assessor's Plat 17, on Cranston Street in Cranston, Rhode Island. The property is located in an A-6 zone which, pursuant to the Cranston Zoning Ordinance, allows a single-family dwelling. See § 30-8, Schedule of Uses of the Cranston Zoning Ordinance. Section 30-17, a schedule of intensity regulations, also mandates that a minimum lot area of six thousand (6,000) square feet is necessary to construct a single-family dwelling in an A-6 zone.
On November 13, 1995, the appellants applied for a dimensional variance in order to construct a 34' x 26' single-family residence on their vacant lot. See November 13, 1995 Application. Specifically, the application requested relief from § 30-28 and all applicable subsections of the Cranston Zoning Ordinance. On January 10, 1996, at a properly advertised scheduled hearing, the Board heard testimony regarding said application. The Board heard testimony from Joseph Montecalvo, the applicant, as well as some members of the community who objected to the application. (1/10/96 Record). At the conclusion of the hearing, the Board voted to deny the requested variance.See Decision of January 10, 1996.
The appellants filed a timely appeal to this court, asserting that the Board's decision to deny the requested relief is affected by error of law. The appellants further contend that the decision of the Board is arbitrary and capricious, as well as clearly erroneous in view of the reliable, probative and substantial evidence of record.
On April 18, 1996, the appellants filed a motion to present additional evidence to the Cranston Zoning Board of Review, specifically a real estate expert. On April 26, 1996, an Order was entered remanding the case to the Board so that the applicants could produce further evidence. See April 26, 1996 Order of Judge Ragosta.
On November 18, 1996, at another properly advertised, scheduled hearing, the Zoning Board heard further testimony regarding said application from J. Clifden O'Reilly, a recognized real estate expert who testified on behalf of the applicants. (See November 18, 1996 Record.) Mr. O'Reilly testified that the applicant was seeking dimensional relief for a permitted use. (See November 18, 1996 Record at F.) Mr. O'Reilly also testified that the applicants were requesting the least relief necessary in order to comply with the Cranston Zoning Ordinance. Id. At the conclusion of the hearing, the Zoning Board again voted to deny the requested relief. As a result, the applicants continued to carry out their appeal to this court.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 "(1) In violation of constitutional, statutory or ordinance provisions;
 "(2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 "(3) Made upon unlawful procedure;
 "(4) Affected by other error of law;
 "(5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 "(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the Board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981)(citingApostolou, 120 R.I. at 507, 388 A.2d at 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n. Inc. v. George, 648 A.2d 370, 371 (R.I. 1994)(citing Town of Narragansett v. International Association ofFire Fighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521
(1977)).
The Variance Standards
The Rhode Island Supreme Court distinguished a true variance from a deviation in Bamber v. Zoning Board of Review,591 A.2d 1220 (R.I. 1991). The court explained:
 "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance . . . . A petitioner seeking a true variance must satisfy the `unnecessary hardship' standard of G.L. 1956 (1991 Reenactment) § 45-24-19 (c), which requires a showing of deprivation of all beneficial use of property.
 "A deviation is relief from the restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, and minimum frontage requirements . . . . A petitioner seeking a deviation need show only an adverse impact amounting to more than a mere inconvenience." Bamber, 591 A.2d at 1223 (citing Felicio v. Fleury, 557 A.2d 480 (R.I. 1989); Gara Realty v. Zoning Board of Review, 523 A.2d 855
(R.I. 1987); DeStefano v. Zoning Board of Review, 405 A.2d 1167 (1979)).
The Viti doctrine as it has developed in Rhode Island case law has applied exclusively to area restrictions on permitted uses.Bamber, 591 A.2d at 1223. The Viti doctrine does not apply to uses which are prohibited by the zoning ordinance. In order to gain relief from a prohibited use, a party must seek a "true" variance. Id.
In the case at bar, the appellants desire to construct a single-family residence on the subject property. The construction of a single-family dwelling is permitted in an A-6 zone, though said use is conditioned upon the applicants' satisfying the dimensional regulations set forth in the schedule of intensity regulations of the Cranston Zoning Ordinance. Thus, the appellants properly sought a dimensional variance, and hence, their threshold burden before the Board was to demonstrate that denial of the requested relief would constitute an adverse impact creating more than a mere inconvenience. Bamber v. Zoning Boardof Review, 591 A.2d at 1223 (R.I. 1991).
The appellants assert that the Board's denial of the requested relief was arbitrary and capricious and clearly erroneous in view of the reliable, probative and substantial evidence of record. Indeed, an examination of the entire record clearly reveals that appellants have satisfied their requisite burden of demonstrating to the Board that they would suffer "more than a mere inconvenience" if the requested relief was not granted. See Barber, 591 A.2d 1220 and November 18, 1996 Record. J. Clifden O'Reilly, a qualified real estate expert, testified that the applicants requested the least amount of relief necessary to construct a single-family dwelling. (See November 18, 1996 Record at F.) In addition, it has been held that information in the application and on the plot plans constitutes competent evidence from which a Board could make a decision.Gardiner v. Zoning Board of Review, 101 R.I. 681, 690,226 A.2d 698, 702 (1967). The record demonstrates that the information in the application and the plot plan illustrate the need for a variance; it provides the dimensions and area of the undersized lot, as well as the proposed size of the house. See November 13, 1995 Application and Plot Plan. Consequently, the evidence of record indicates that a literal adherence to the Ordinance would effectively preclude the applicants from building a house on the proposed lot.
Moreover, it is apparent from the record that the Board failed to articulate and apply the proper standard of review in its decision. Both the decisions of January 10, 1996, and November 18, 1996, state "that there was no evidence of any undue hardship relative to the lot in question." As it has been previously stated, the proper standard of review requires an applicant to show an adverse impact amounting to more than a mere inconvenience. Bamber, 591 A.2d at 1223. (R.I. 1991). Therefore, this court finds that the Board's denial of the variance on the basis of the undue hardship standard constitutes an error of law. As a result thereof, the appellants' rights with respect to their application have been prejudiced.
Accordingly, the original January 10, 1996 decision of the Cranston Zoning Board of Review is reversed.
Counsel for the prevailing party shall prepare an appropriate judgment for entry.