DECISION
This case is before the Court on appeal from a decision of the Warwick Zoning Board of Review (the Board) pursuant to G.L. 1956 § 45-24-69. The appellants. Robert E. Matteson and Helen A. Matteson, are appealing the Board's March 29, 1996 decision denying their request for dimensional relief from the Warwick Zoning Ordinance. Before the Court are (i) the certified record on appeal, including the Zoning Board's decision, exhibits, and transcript of the hearing held on February 13, 1996, and (ii) the memoranda of counsel.
Facts/Travel
Robert E. Matteson and Helen A. Matteson, the appellants, are the owners of the subject property, presently a vacant 10,775 square foot lot, specifically referred to as Assessor's Plat 203, Lot 2, located at 30 Overlook Drive, Warwick, Rhode Island. Said property is located in an A-15 zone which, pursuant to the Warwick Zoning Ordinance, allows a single-family dwelling. See
Table 1, Use Regulations, the Warwick Zoning Ordinance. The Ordinance also provides that a minimum lot area of 15,000 square feet is necessary to construct a single-family dwelling in an A-15 zone. See Table 2A Dimensional Regulations, the Warwick Zoning Ordinance. Section 503.1 of the Ordinance also mandates that there shall be a minimum setback of 50 feet from the inland edge of the coastal feature as defined by the Rhode Island Coastal Resources Management Council.
On January 23, 1996, the appellants applied to the Board for a dimensional variance in order to construct a 60 x 25 square foot single-family dwelling with a living space of approximately 1,500 square feet. See Exhibit A and 2/13/96 Record at 2 and 4. Specifically, the application requested relief from Sections 503.1, 405.4 (D) and Table 2 Dimensional Regulations, pursuant to Section 906 of the Warwick Zoning Ordinance. On February 13, 1996 at a properly advertised, scheduled hearing, the Board heard testimony regarding said application. The Board first heard from the applicant Robert E. Matteson, who explained how he owned the property in question. The Board also heard from Paul Silvia, an engineer with the firm of Robert Haig Associates, who explained that the reason why the proposed dwelling encroached upon the coastal feature setback was due to the required placement of the septic system. See 2/13/96 Record at 5. In addition, William J. McGovern, a recognized real estate expert, also testified on behalf of the applicants. Mr. McGovern testified that by granting the application, the Board would be granting the least amount of relief necessary. See 2/13/96 Record at 14. Furthermore, Mr. McGovern testified that the applicants would suffer more than a mere inconvenience if the application was denied. Id. The Board also heard from members of the community who objected to the application. At the conclusion of the hearing, the Board voted to reserve decision until a later date. See 2/13/96 Record at 22. In its decision of March 29, 1996, the Board voted to deny the requested variance.
The appellants filed a timely appeal to this Court asserting that the Board's decision to deny the application for a dimensional variance is clearly erroneous in view of the reliable, probative and substantial evidence of record. The appellants further contend that the Board's decision was in contravention of governing law in that the Board applied an incorrect standard when considering the request for a dimensional variance.
Standard of Review
Superior Court review of a zoning board decision is controlled by G.L. 1956 (1991 Reenactment) § 45-24-69 (D), which provides:
 "(D) The court shall not substitute its judgment for that of the zoning board of review as to the weight of the evidence on questions of fact. The court may affirm the decision of the zoning board of review or remand the case for further proceedings, or may reverse or modify the decision if substantial rights of the appellant have been prejudiced because of findings, inferences, conclusions or decisions which are:
 (1) In violation of constitutional, statutory or ordinance provisions;
 (2) In excess of the authority granted to the zoning board of review by statute or ordinance;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."
When reviewing a decision of a zoning board, a justice of the Superior Court may not substitute his or her judgment for that of the zoning board if he or she conscientiously finds that the board's decision was supported by substantial evidence. Apostolouv. Genovesi, 120 R.I. 501, 507, 388 A.2d 821, 825 (1978). "Substantial evidence as used in this context means such relevant evidence that a reasonable mind might accept as adequate to support a conclusion and means an amount more than a scintilla but less than a preponderance." Caswell v. George Sherman Sandand Gravel Co., Inc., 424 A.2d 646, 647 (R.I. 1981) (citingApostolou, 120 R.I. at 507, 388 A.2d 824-25). The reviewing court "examines the record below to determine whether competent evidence exists to support the tribunal's findings." New EnglandNaturist Ass'n, Inc. v. George, 648 A.2d 370, 371 (R.I. 1994) (citing Town of Narragansett v. International Association of FireFighters, AFL-CIO, Local 1589, 119 R.I. 506, 380 A.2d 521 (1977).
The Variance Standards
The Rhode Island Supreme Court distinguished a true variance from a deviation in Bamber v. Zoning Board of Review,591 A.2d 1220 (R.I. 1991). The Court explained:
 "A `true' variance is relief to use land for a use not permitted under the applicable zoning ordinance . . . . A petitioner seeking a true variance must satisfy the `unnecessary hardship' standard of G.L. 1956 (1991 Reenactment) § 45-24-19 (c), which requires a showing of deprivation of all beneficial use of property.
 "A deviation is relief from the restrictions governing a permitted use such as lot-line setbacks, limitations on height, on-site parking, a minimum frontage requirements. . . . A petitioner seeking a deviation need show only an adverse impact amounting to more than a mere inconvenience." Bamber, 591 A.2d at 1223 (citing Felicio v. Fleury, 557 A.2d 480 (R.I. 1989); Gara Realty v. Zoning Board of Review, 523 A.2d 855
(R.I. 1987); DeStefano v. Zoning Board of Review, 405 A.2d 1167 (1979)).
The Viti doctrine as it has developed in Rhode Island case law has applied exclusively to area restrictions on permitted uses.Bamber, 591 A.2d at 1223. The Viti doctrine does not apply to uses which are prohibited by the zoning ordinance. In order to gain relief from a prohibited use, a party must seek a "true" variance. Id.
In the case at bar, the appellants desire to construct a single-family residence on the subject property. The construction of a single-family dwelling is permitted in an A-15 zone, though said use is conditioned upon the applicants' satisfying the dimensional regulations set forth in Table 2A. Thus, the appellants properly sought a deviation, also known as a Viti or dimensional variance, and hence, the appellants' threshold burden before the Board was to demonstrate that denial of the requested relief would constitute an adverse impact amounting to more than a mere inconvenience. Bamber, 591 A.2d at 1223.
The record in the instant matter reflects that the Board applied the correct standard when determining whether to grant the dimensional relief. In its March 29, 1996 the Board specifically set forth the following:
 A. That the denial of this request would not amount to more than a mere inconvenience for the petitioner because a smaller house could be constructed on the subject property which would lessen the encroachment into the coastal feature.
 B. That the relief requested is not the least relief necessary because the proposed dwelling could be reduced in size which would lessen an adverse impact on the surrounding properties.
 C. That the proposed dwelling would not be compatible with the surrounding area because the existing dwellings surrounding the subject property are much smaller in size than the dwelling proposed by the petitioner." Exhibit X, the March 29, 1996 Decision.
Thus, this court finds that the Board applied the correct standard when considering the appellants' application for dimensional relief.
The appellants also assert the Board's denial of the requested relief was clearly erroneous in view of the reliable, probative and substantial evidence of record. Indeed, an examination of the entire record clearly reveals that appellants have satisfied their requisite burden of demonstrating to the Board that they would suffer "more than a mere inconvenience" if the aforementioned relief sought was not granted. Bamber, 591 A.2d at 1223. William J. McGovern, a recognized real estate expert, testified that without the requested relief, the applicants would suffer more than a mere inconvenience since there is not another legally permitted use without the requested relief. (2/13/96 Record at 14). Additionally, it has been held that information in the application and on the plot plans constitutes competent evidence from which a zoning board could make a decision. Gardiner v. Zoning Board of Review,101 R.I. 681, 690, 226 A.2d 698, 702 (1967). In the instant case, the information contained in the application and the plot plan demonstrates the need for a variance; it provides the dimensions and area of the undersized lot as well as the proposed size of the house. The record indicates that a reduction in the size of the proposed house would still require the same relief from the Board. See 2/13/96 Record at 7-8. Essentially, the evidence of record indicates that a literal adherence to the zoning ordinance would effectively preclude the applicants from building a house on the proposed lot. See 2/13/96 Record.
Thus, this court finds that the March 29, 1996 of the Warwick Zoning Board of Review was clearly erroneous in view of the reliable, probative, and substantial evidence of the whole record; substantial rights of the appellants have been prejudiced. As a result, the decision of the Warwick Zoning Board of Review is hereby reversed. The Court notes that the requested zoning relief is conditioned upon all of the necessary state approvals, especially that of the Rhode Island Coastal Resources Management Council. See G.L. 1956 § 45-24-57A (7).
Counsel for the prevailing party shall submit an appropriate judgment for entry.